**ROBINSON v. KNOX.**
**No. 3016.**

Court of Civil Appeals of Texas. Eastland.
May 1, 1953.

Coffee & Gilliland, Big Spring, for appellant.

Critz, Kuykendall, Bauknight & Stevenson, Austin, for appellee.

LONG, Justice.

Texas Fire & Casualty Underwriters was a reciprocal insurance exchange organized in Texas under Chapter 20, Title 78, Revised Civil Statutes of 1925, as amended, V.A.T.S., Insurance Code, arts. 19.01 to 19.12. Robinson Torpedo Company, Inc., a Texas corporation, was a policy holder and a subscriber to Texas Fire & Casualty Underwriters from December 31, 1939 to October 25, 1941. By the execution of a written subscriber's agreement, Robinson Torpedo Company, Inc., promised to pay, in Dallas, Dallas County, Texas, all amounts due, including assessments under its policy contract. Robinson Torpedo Company, Inc., voluntarily dissolved December 23, 1941. At the time of its dissolution H. N. Robinson was the president of the corporation and owned eighty percent of its stock. Gary Young owned the other twenty percent. Upon the dissolution of the corporation, H. N. Robinson and Gary Young, its sole officers and stockholders, took over all the assets of Robinson Torpedo Company, Inc., and continued to operate its business as a partnership under the name of Robinson Torpedo Company. The value of the assets of the corporation so received was at least $5,000. H. N. Robinson died on April 12, 1942, leaving a will which was duly probated by the terms of which all of the property of H. N. Robinson was devised to his wife, Goldie Marie Robinson. After the death of H. N. Robinson, Goldie Marie Robinson, took possession of the property of his estate, including the assets of the dissolved corporation, Robinson Torpedo Company, Inc. Mrs. Robinson thereafter, in partnership with Gary Young, continued to operate the company until 1944 when she and Young sold the company for $5,000. Will G. Knox, receiver of Texas Fire & Casualty Underwriters, sued H. N. Robinson, trustee, to recover assessments on policies of insurance executed by Texas Fire & Casualty Underwriters to Robinson Torpedo Company, Inc. Robinson having died, Goldie Marie Robinson, his wife, was substituted as the defendant in this cause. Goldie Marie Robinson filed her plea of privilege to be sued in Howard County, the county of her residence. The receiver filed his controverting affidavit in which he claimed venue in Dallas County under subdivision 5 of Article 1995, Vernon's Annotated Revised Civil Statutes. Upon a hearing of the plea of privilege before the court, judgment was entered overruling said plea. From this ruling, Mrs. Robinson has duly appealed.

Appellant contends that there is no evidence that she had contracted in writing to perform an obligation in Dallas County; that exception 5 of Article 1995 has no application and that the court erred in overruling her plea of privilege.

Appellee contends that venue properly lies in Dallas County because appellant is bound by the contract of Robinson Torpedo Company, Inc., which contracted in writing to perform in Dallas County the obligation sought to be enforced in this suit. It is the contention of appellee that when appellant, Goldie Marie Robinson, received assets from Robinson Torpedo Company, Inc., she became a trustee of such assets and bound by the corporation's contract to pay its creditors up to the amount of the assets she received at the same place the corporation had agreed in writing to make such payments. It is undisputed that Robinson Torpedo Company, Inc., contracted in writing to pay in Dallas County the obligation upon which this suit is based.

This being true, under the holding in Camp v. Knox, Tex.Civ.App., 210 S.W.2d 599, if H. N. Robinson were alive, venue could be maintained as to him in Dallas County. Robinson Torpedo Company, Inc., was dissolved and H. N. Robinson, along with Gary Young, took over the assets of the corporation. Robinson at that time was the president of Robinson Torpedo Company, Inc., and under the settled law this suit could have been maintained against him in Dallas County.

Article 1388, Vernon's Annotated Civil Statutes, provides that upon the dissolution of a corporation, unless a receiver has been appointed, the president, directors and managers of the affairs of the corporation at the time of dissolution shall be trustees of the creditors and stockholders with power to settle its affairs, collect outstanding debts and divide the property among the stockholders after paying the debts of the corporation and for this purpose, they may, in the name of such corporation, exercise practically all of the powers which the corporation could have exercised if it had not been dissolved. They may collect all debts, compromise controversies, maintain or defend judicial proceedings and exercise full power and authority over the assets and property of the corporation.

In Camp v. Knox, supra, Will G. Knox, receiver of Southern Underwriters, a reciprocal insurance exchange, brought suit against John F. Camp as a statutory trustee of a dissolved corporation for money alleged to be due Southern Underwriters as advanced deposits on two policies of insurance executed by Southern Underwriters to John F. Camp Drilling Company, a corporation, prior to its dissolution. The facts in that case show that John F. Camp was president of John F. Camp Drilling Company at the time of its dissolution and that he received assets of the corporation at the time of such dissolution in excess of the amount sued for. This suit was instituted in Harris County and Camp filed his plea of privilege to be sued in Bexar County, the county of his residence. The court in that case held that venue could be maintained in Harris County as against Knox under subdivision 5 of Article 1995. John

F. Camp Drilling Company, a dissolved corporation, was bound and obligated by its written contract to pay its advanced deposit in Harris County and under Article 1388, John F. Camp, as trustee, was liable for the advanced deposit due by the dissolved corporation. The court, in the case of Camp v. Knox, based its holding upon the case of Waggoner v. Edwards, Tex.Civ.App., 68 S.W.2d 655, 659. In that case Mr. and Mrs. Edwards executed a written lease of property located in Lamb County, Texas, to the Three D's Products Distributors, Inc. Under the lease the rentals were payable in Lamb County. Edwards and his wife filed suit in Lamb County against Waggoner, Wharton and Compton, all of whom resided in Tarrant County, as trustees of the dissolved corporation. Waggoner and others filed pleas of privilege. The court, in affirming the judgment of the trial court overruling the plea of privilege said:

"The appellants contend that, because the Three D's Products Distributors, Inc., had been dissolved prior to the filing of this suit, the venue statutes quoted above do not apply. We cannot assent to this proposition. * * * Since it [the dissolved corporation] is still a legal entity, we are of the opinion that the venue statutes apply with all the force which they could be made to apply to the corporation before its dissolution, and we conclude, since the contract was consummated in Lamb county and these provisions of the statute preserve its legal entity for the convenience of creditors and the effectiveness of thir efforts in collecting indebtedness due from it, that Waggoner et al., who are by statute made the trustees, may be held to answer in an action in Lamb county. The suit is not against Waggoner et al., as individuals. They are sued only in their representative capacity."

■■ It is undisputed in the instant case that Mrs. Robinson did not sign the obligation upon which the suit is based. She was not an officer or director of Robinson Torpedo Company, Inc. After the death of her husband, she did receive assets that had belonged to the corporation. We do not

believe that venue can be maintained against her in Dallas County. She is not a representative of the corporation. She is not a statutory trustee. Her husband, after the dissolution of the corporation, was a representative of the corporation and a statutory trustee thereof but, upon his death, this relationship ceased and the fact that Mrs. Robinson took over her husband's property and certain assets of the corporation did not make her a statutory trustee, or a representative of the corporation. It is the general rule in Texas that in order to hold venue under subdivision 5 in a county other than defendant's residence, it is necessary both to allege and prove that such defendant individually or by agent executed the written instrument sued upon. Cockburn Oil Corp. v. Newman, Tex.Civ. App., 244 S.W.2d 845. Mrs. Robinson did not execute the instrument upon which this suit is based and no one executed it for her as her agent. The fact that her husband was an officer of the dissolved corporation and received assets of the corporation upon its dissolution and that she in turn received these assets under his will, is not sufficient under the law to maintain venue against her in Dallas County.

The judgment of the trial court is reversed and the cause ordered transferred to the District Court of Howard County.