H. L. WOODS, d/b/a Gray Rock Scenic Company, Appellant,

v.

P. B. S. MOTOR COMPANY, Appellee.

No. 6866.

Court of Civil Appeals of Texas.

Texarkana.

March 1, 1956.

Rehearing Denied March 22, 1956.

T. D. Wells, Paris, for appellant.

B. F. Edwards, Clarksville, for appellee.

DAVIS, Justice.

Appellee-plaintiff, P. B. S. Motor Company, a partnership composed of Dillard Peek and R. L. Peek of Red River County, Texas, filed suit against H. L. Woods of Lamar County, Texas, for an alleged breach of contract. Appellant-defendant filed his plea of privilege which was timely controverted, and upon a hearing before the court without a jury the plea of privilege was overruled. Hence the appeal.

■ ■ Appellant brings forward three points of error. By points 1 and 2 he complains of the action of the trial court in overruling his plea of privilege because the appellant did not prove that there was an obligation in writing executed by appellant, nor prove that the appellant had contracted in writing to perform any obligation in Red River County for which he was sued.

Appellee alleged that it and the appellant entered into two contracts on April 1, 1950, for the erection of four signs in Red River County to advertise appellee's business; appellee being engaged in the retail sale of DeSoto and Plymouth automobiles, parts, supplies, etc., as well as the sale of butane and propane gas together with material and merchandise to be used in the conduct of such business. Appellee did not specifically allege that the contracts sued upon were in writing or that they were executed by the appellant. Therefore, it was not necessary to deny the execution of the instruments under oath as required by Rule 93, T.R.C.P.

Upon the hearing, copies of two contracts were introduced by appellee without objection. No demand was made upon the appellant at the hearing for the originals of such contracts, if any, and no explanation is

made as to why the copies were offered in evidence in lieu of the originals. There is not one word of testimony in the record that the appellant executed either the originals of the contracts or the copies that were offered in evidence.

As stated in 17 Tex.Jur., 684, sec. 291, "A writing of itself is not evidence; it must be accompanied by proof of some sort * * *." Citing Massachusetts Bonding & Ins. Co. v. Le May, Tex.Civ.App., 28 S.W.2d 259, 263, error dismissed, in which we find the following:

"That document, with proof that at the time of the issuance of the policy in this suit appellant had no notice of any other policy covering the same risks, was the only evidence based on concurrent insurance. And, although that document was introduced in evidence without objection from plaintiff in the case, it was wholly incompetent as evidence, and could not be given any probative effect to sustain the alleged defense that plaintiff's recovery in this suit should, at all events, be on a pro rata basis with the other policy mentioned in the document. Henry v. Phillips, 105 Tex. 459, 151 S.W. 533; Michel v. Michel, Tex.Civ.App., 115 S.W. 358."

Appellee, in its controverting plea, pleaded the provisions of section 5, Art. 1995, and relied thereon to maintain venue in Red River County. Having failed either to plead or to prove the execution of an instrument in writing, the exception does not apply. Wood Motor Co., Inc., v. Hawkins, Tex.Civ.App., 226 S.W.2d 487. Points 1 and 2 are sustained.

What we have said above renders a discussion of appellant's point 2 unnecessary. However, we think the point is without merit, and it is respectfully overruled.

For the errors above pointed out, the judgment of the trial court is reversed and the judgment is here rendered sustaining the appellant's plea of privilege and transferring the cause to the District Court of Lamar County, Texas; and it is so ordered.

Reversed and rendered.