M. Z. COLLINS et al., Appellants,

v.

F. M. EQUIPMENT COMPANY, Inc., Appellee.

No. 15780.

Court of Civil Appeals of Texas.

Dallas.

Nov. 11, 1960.

Rehearing Denied Dec. 9, 1960.

Cofer & Cofer, Austin, for appellants.

Passman, Jones & Whitener and Bill Hunter, Dallas, for appellee.

YOUNG, Justice.

This is a venue proceedings, ancillary to appellee's suit against appellants filed in Dallas County; defendants there invoking Exception 5, of Art: 1995, Vernon's Annotated Civil Statutes, and the right to be sued in Travis County. Plaintiff's suit was for rentals allegedly due on certain items of equipment described in three written lease-rental contracts; also ·seeking to recover additional sums claimed due. It was further asserted· in plaintiff's first amended·original petition, upon which the venue hearing was had, that said rentals were due and payable in Dallas, Texas as provided in the contracts covering lease-rentals of such equipment. To defendants' plea of privilege, a controverting affidavit was filed, and the plea, upon hearing, was overruled, defendants appealing.

Originals of the three written lease agreements or signed copies thereof were not in evidence; Mr. Childs, plaintiff's credit manager, testifying in such connection "that I mailed them (the originals) to M. Z. Collins Construction Company on the initial rental of the equipment"; none of which were returned, though twice requested by Childs. It is not disputed that defendant Collins had placed the first of three orders for the equipment in question from the manufacturer, Ellis Manufacturing Company of Oklahoma City, the last of same being shipped from Dallas to Collins on September 23, 1958; and on October 3, Ellis Manufacturing Company writing to and advising Collins that subsequent to

the original order made to them, these orders had been turned over to plaintiff as "The Ellis Distributor in this territory."

Exception 5, Art. 1995, provides: "Contract in writing.—If a person has contracted in writing to perform an obligation in a particular county, expressly naming such county, or a definite place therein, by such writing, suit upon or by reason of such obligation may be brought against him, either in such county or where the defendant has his domicile. As amended Acts 1935, 44th Leg., p. 503, ch. 213, § 1."

In first amended petition plaintiff had alleged with respect to the three lease instruments in evidence that "That on or about August 29th, 1958, Defendants entered into a contract and agreement with Plaintiff under which Plaintiff leased to defendants the following described equipment: * * *; that said lease agreement between the parties provided that the equipment leased therein was to be returned to the Lessor or its agent and said lease agreement was made upon the provision for the payment of a monthly rental of * * *, said amount to be paid by Defendants to Plaintiff, at Dallas, Dallas County, Texas, at the office of F. M. Equipment Company, Inc." Likewise, plaintiff's affidavit, controverting defendants' plea of privilege alleged that: "The allegations contained in said First Amended Original Petition on file herein are each and every, all and singular, true and correct in each and every respect, and further it is a fact that venue is maintainable in Dallas County, Texas, under and by virtue of Exception 5 to Article 1995, Revised Civil Statutes of Texas, 1925, by virtue of the fact that the written lease rental contracts covering the items of equipment leased to defendants, all of which are more fully described in Plaintiff's First Amended Original Petition previously incorporated by reference herein, expressly provide that all said rentals are payable at the office of F. M. Equipment Company, Inc., in Dallas, Texas, all within Exception 5 to Article 1995, as above mentioned."

Defendants' plea of privilege contained no verified plea of non est factum; Rule 93(h) Texas Rules of Civil Procedure, in such connection requiring verification by affidavit of "(h) Denial of the execution by himself or by his authority of any instrument in writing, upon which any pleading is founded, in whole or in part, and charged to have been executed by him or by his authority, and not alleged to be lost or destroyed. * * * In the absence of such a sworn plea, the instrument shall be received in evidence as fully proved."

Appellant excuses the failure to allege any plea of non est factum because plaintiff's pleadings did not affirmatively state that the contracts sued on were in writing; the only reference to "a written lease" being contained in the controverting affidavit. Readers Wholesale Distributors, Inc. v. Trahan, Tex.Civ.App., 225 S.W.2d 459 and Jones v. Davis, Tex.Civ.App., 149 S.W.2d 165 are cited as authority for the rule that allegations first contained in controverting affidavit cannot be looked to for determination of venue; appellants contending that it is unnecessary to deny execution of the instruments under oath as required by Rule 93 where plaintiff did not allege specifically in his petition that the contracts sued upon were in writing or that they were executed by appellants.

While from the details of plaintiff's first amended petition it may be reasonably inferred that the obligations sued upon were in writing, same was not affirmatively alleged. However, no special exception was urged to the pleading on that ground. Directly bearing upon the situation at hand, in our opinion, is the recent decision of the Texarkana Court, the controverting affidavit there being allegedly deficient. See North Texas Tank Co. v. Pittman, Tex.Civ. App., 290 S.W.2d 724, 726. The court there holding: "Neither from the petition nor the controverting affidavit in this cause does it affirmatively appear that the agreement to perform in Hunt County was in parol. In fact, we think the controverting affidavit was reasonably sufficient (in the absence

of a special exception) to plead that the contract sued on was in writing. However, if defendant had made a specific exception or objection that the controverting plea did not spell out clearly that the contract in question was in writing, the plaintiff could have amended his controverting affidavit and have alleged the matter more clearly by more direct averments." Here defendants filed no plea of non est factum in denial of the written instruments sued on by plaintiff, the express terms of Rule 93(h) becoming thereby applicable; providing as it does that such instrument shall be received in evidence as fully proved. See also Rule 90, T.C.P. "Waiver of Defects in Pleading." Likewise, in our view, above quoted ruling in North Texas Tank Co. v. Pittman, supra, is controlling over the conclusions reached in Woods v. P. B. S. Motor Company, 288 S.W.2d 557 by the same court.

Admittedly the venue facts to be established under Subd. 5 are (1) an obligation in writing; (2) execution by defendant; and (3) that same is performable in county of suit; defendants arguing further that even if the written rental-lease rental contracts be properly in evidence, there was no proof with respect to their execution; the extent of all testimony placing the papers in possession of defendants unsigned.

The following correspondence between the parties have bearing on the issue thus raised: (Plaintiff to Defendants, Nov. 21, 1958) "Gentlemen: Several months ago we mailed you Lease Agreements and rental invoices for the Ellis shoring components you ordered for the Waco job. You originally ordered these items directly from Ellis Manufacturing Company, however, as we are the Ellis distributor in this territory the orders were subsequently turned over to us. We have a copy of a letter from Ellis to you, dated October 3, 1958, advising you of this change. As of this date, none of the Lease Agreements have been signed and returned to us, nor have we received any rental payments. The amount now due is $172.40, representing rental charges from last August to date. Will you please return the signed Lease Agreements, and let us have your check in the above amount, in order that your account may be brought to a current status?" This letter was not answered. (Defendants to plaintiff dated January 16, 1959) "F. M. Equipment Co., 378 S. Industrial Blvd., Dallas 7, Texas. Gentlemen: With reference to *our rental agreement* on the Ellis Shore Clamps you have furnished for the above project. We would appreciate receiving an invoice on the balance due for purchasing the above clamps. Yours very truly, M. Z. Collins Construction Co." (Emphasis ours.) In response the invoice was mailed to defendants who made no objection thereto. During cross-examination of plaintiff's witness Childs, defendants' counsel read into the record the following excerpt of letter from defendants to plaintiff's attorney of date October 23, 1959 reading: "We are herewith enclosing a check for $597.20 to cover the balance due on the purchase of the shore clamps and jacks in accordance with Ellis original agreement made on the purchase rental." The agreement sued on contained no purchase option provisions.

The general rule that in order to hold venue under Subd. 5, Art. 1995 in a county other than defendants' residence, it is necessary to allege and prove that such defendants individually or by an agent executed the written instrument sued upon is subject to many exceptions. * * * "It is now definitely settled in Texas that it is not necessary in order to constitute a 'contract in writing' that the agreement be signed by both parties; one may sign and the other may accept by his acts, conduct or acquiescence in the terms of the agreement. * * * Applying this principle to suits arising under the exception to the general venue statute above mentioned, there are many precedents to the effect that where one has agreed to or accepted a written contract performable in a county other than the one in which he resides, even though he has not signed the contract, venue will lie

in the county where the contract is performable. * * *".

Here, under the record, defendants accepted the equipment; in correspondence made reference to "our rental agreement"; and though apparently refusing to return the contract originals, made payments thereon in strict accordance with terms and conditions thereof. Defendants offered no testimony other than above noted (which is indicative of liability only under the prior Ellis Mfg. Co. contract). The facts just stated are demonstrative of an acceptance by defendants of the contracts sued upon by acts, conduct and acquiescence, sufficiently so as to entitle plaintiff to maintain its suit in Dallas County. And even in absence of proof of signature (with no plea of non est factum called for) venue may still be maintained under the doctrine of assumption of plaintiff's written contracts as in Harvey v. Bain, 140 Tex. 375, 168 S.W.2d 234.

Judgment of the trial court is therefore affirmed.