# M. Z. Collins Et Al v. F. M. Equipment Company, Incorporated

No. A-8183. Decided June 7, 1961
Rehearing overruled July 12, 1961
(347 S. W. 2d Series 575)

*Cofer & Cofer,* of Austin, for petitioners.

*Passman, Jones, & Whitener* and *Bill Hunter*, all of Dallas, for respondent.

MR. JUSTICE SMITH delivered the opinion of the Court.

This is a venue case. The appeal to this Court is from an order of the trial court overruling a plea of privilege which was affirmed by the Court of Civil Appeals. 340 S.W. 2d 867.

Plaintiff, F. M. Equipment Company, Inc., filed this suit in the District Court of Dallas County, Texas, against the defendants, M. Z. Collins et al., who resided in Travis County, Texas, alleging that the defendants had entered into three lease-rental contracts and that under the terms of such contracts, the rentals sued for were due and payable in Dallas, Dallas County, Texas; and that, therefore, the suit was maintainable in Dallas County, Texas, under Subdivision 5, Article 1995, Vernon's Annotated Civil Statutes.

The petitioners shall hereinafter be referred to as defendants and the respondent as plaintiff.

The venue of this cause was challenged by the defendants, who had been sued in Dallas County, Texas.

■ The filing of the plea of privilege placed the burden on the plaintiff to plead and prove that the case is within one of the exceptions, in this instance, exception 5 to the general venue statute, Article 1995,[1] Vernon's Annotated Civil Statutes. The plaintiff filed its controverting affidavit, and the issue thus joined was submitted to the Court without the intervention of a jury.

After the plea of privilege was filed, the plaintiff, on February 4, 1960, filed its First Amended Original petition. On the same date, plaintiff's controverting affidavit was filed. The controverting affidavit read:

---

[1] "Article 1995. No person who is an inhabitant of this State shall be sued out of the county in which he has his domicile except in the following cases:

"5. Contract in writing.—If a person has contracted in writing to perform an obligation in a particular county, expressly naming such county, or a definite place therein, by such writing, suit upon or by reason of such obligation may be brought against him, either in such county or where the defendant has his domicile." As amended Acts 1935, 44th Leg. p. 503, ch. 213, § 1.

## "1.

"Plaintiff denies and here avers to be untrue and false the following allegations contained in Pleas of Privilege of the Defendants, M. Z. COLLINS, individually and d/b/a M. Z. COLLINS CONSTRUCTION CO. and M. Z. COLLINS CONSTRUCTION CO., on file herein.

" 'No exception to exclusive venue in the county of one's residence provided by law, exists in said cause. This suit is not commenced in the proper county.'

"Plaintiff herein filed its First Amended Original Petition upon the 4th day of February, A.D. 1960, and said First Amended Original Petition of Plaintiff is hereby adopted by reference and incorporated herein as if set forth fully herein; the allegations contained in said First Amended Original Petition of the Plaintiff are true and correct in each and every instance.

## "2.

"The allegations contained in said First Amended Original Petition on file herein are each and every, all and singular, true and correct in each and every respect, and further, it is a fact that venue is maintainable in Dallas County, Texas, under and by virtue of Exception 5 to Article 1995, Revised Civil Statutes of Texas, 1925, by virtue of the fact that the written lease rental contracts covering the items of equipment leased to Defendants, all of which are more fully described in Plaintiff's First Amended Original Petition previously incorporated by reference herein, expressly provide that all said rentals are payable at the office of F. M. EQUIPMENT COMPANY INC., in Dallas, Texas, all within Exception 5 to Article 1995, as above mentioned."

The pleadings, which were adopted by reference and incorporated as a part of the controverting affidavit, alleged:

## "1.

"That on or about August 29th, 1958, Defendants entered into a contract and agreement with Plaintiff under which Plaintiff leased to Defendants the following described equipment:

"360 Ellis Shore Clamps;

"that said lease agreement between the parties provided that the equipment leased therein was to be returned to the Lessor or its agent and said lease agreement was made upon the provision for the payment of a monthly rental of $28.80 per month, said amount to be paid by Defendants to Plaintiff, at Dallas, Dallas County, Texas, at the office of F. M. EQUIPMENT COMPANY, INC.

## "2,

"That rental under said contract between said parties remains unpaid in the sum of $28.80 per month for a period of six (6) months, aggregating $172.80, being for the months June through November, 1959; that both Plaintiff and Plaintiff's attorneys have made demands upon Defendants to pay the same or any part thereof, to Plaintiff's damage in said sum of $172.80, together with interest on said sum at the rate of six per cent (6%) per annum from and after June 29th, 1959, until paid, as provided in said lease contract.

## "3.

"That in addition thereto, under and by virtue of said contract, Defendants agreed to pay attorneys' fees in the amount of twenty-five per cent (25%) of the amount due to Plaintiff; that Plaintiff has been further damaged in said sum of twenty-five per cent (25%) of the amount due under said contract of August 29, 1958.

## "4.

"Plaintiff would further show the Court that on or about September 16, 1958, Defendants entered into a contract with the Plaintiff under which the Plaintiff leased to Defendants the following described equipment:

"Two Ellis Shore jacks;

"that said lease agreement between the parties provided that the equipment leased therein was to be returned to Lessor or its agent and said lease agreement was made upon the provision for the payment of a monthly rental of $2.00 per month, said amount to be paid by Defendants to Plaintiff,

at the offices of F. M. EQUIPMENT COMPANY, INC., at Dallas, Dallas County, Texas, as provided in said agreement.

"5.

"That rental under said contract between said parties, dated September 16, 1958, remains unpaid in the amount of $2.00 per month for a period of six (6) months, aggregating $12.00, being for the months June through November, 1959; that both Plaintiff and Plaintiff's attorneys have made demands upon Defendants to pay said rental but Defendants have failed and refused to pay the same or any part thereof, to Plaintiff's damage in the sum of $12.00, together with interest on said sum at the rate of six per cent (6%) per annum, from and after June 16, 1959, until paid; that Plaintiff is further entitled to recover attorneys' fees under said agreement in the minimum amount of $15.00 with respect to protecting and enforcing its rights under said contract of September 16, 1958, and has been further damaged in that sum.

"6.

Plaintiff would further show the Court that on or about September 23, 1958, Defendants entered into a contract with Plaintiff under which Plaintiff leased to Defendants the following described equipment:

"500 Ellis Shore Clamps;

"that said lease agreement between the parties provided that the equipment leased therein was to be returned to the Lessor or its agent and said lease agreement was made upon the provision for the payment of a monthly rental of $40.00 per month, said amount to be paid by Defendants to Plaintiff, at the offices of Plaintiff, F. M. EQUIPMENT COPANY, INC., in Dallas, Dallas County, Texas.

"7.

"That rental under said contract between said parties, dated September 23, 1958, remains unpaid in the sum of $40.00 per month for a period of six (6) months, aggregating $250.00, being for the months June through November, 1959; that both Plaintiff and Plaintiff's attorneys have made demands upon Defendants to pay said rental but Defendants

have failed and refused to pay the same or any part thereof, to Plaintiff's damages, in addition to the sum aforementioned, in the sum of $240.00, together with interest on said sum at the rate of six per cent (6%) per annum, from and after June 23, 1959, until paid; that under the terms of said lease agreement, Defendants agreed to pay attorneys' fees in the amount of Twenty-five per cent (25%) of the amount due, to Plaintiff's further damages in said sum.

"8.

"Plaintiff would further show the Court that Plaintiff has been further damaged for the reason that, in addition to the foregoing, Defendants, ignoring divers demands by Plaintiff and Plaintiff's attorneys, have refused to return the hereinafter described equipment, but have converted the same to their own use and benefit, and the same has a replacement cost at Austin, Texas, and at Dallas, Texas, and alternatively is of the value at both of said places and was of the value at both of said places on the date of filing of this suit of a total of $1,352.20, as further shown immediately hereinbelow, in itemization, all to Plaintiff's further damages in said further sum of $1,352.20:

"860 Ellis Shore Clamps @ $1.55  $1,333.00
"  2 Ellis Shore Jacks @ $9.60      19.20
                                 _____
                                 $1,352.20"

The venue facts under Exception 5, Article 1995, supra, necessary to have been established by plaintiff in order to have maintained venue in Dallas County, Texas, were:

(1) An obligation in writing,

(2) The execution of the three contracts by the defendants; or

(3) That the obligation assumed under such contracts was performable in Dallas County, Texas, the County of suit. See Robinson v. Knox, Tex. Civ. App., 258 S.W. 2d 109 (1953).

The plaintiff introduced in evidence its First Amended Original Petition. Defendants objected to its introduction on the ground that the petition did not allege that the parties executed

a written contract performable in Dallas County, Texas, and there was no showing that the parties had agreed to the contracts. The trial court overruled the objection and held the three instruments admissible, apparently on the theory advanced by the plaintiff that since the defendants' plea of privilege contained no verified plea of non est factum, as required by Rule 93, Texas Rules of Civil Procedure, the instruments had been "presumably proved under the Rule".

Plaintiff introduced in evidence the three alleged lease agreements covering equipment rented by the defendants. Plaintiff proved that the originals of the lease agreements were mailed to the defendants on initial rental dates and that none of the originals were ever returned to the plaintiff. There was no evidence that either the plaintiff or the defendants signed or executed the lease agreements.

The evidence shows that defendants originally ordered the equipment in question from the Ellis Manufacturing Company; and that on October 3, 1958, Ellis wrote the defendants that it had turned the orders over to the plaintiff, its "distributor in this territory". Mr. Childs, a witness for the plaintiff, testified that he did not know whether there was a written contract between defendants and Ellis. There is no evidence of such a written contract. The proof shows that the Ellis Manufacturing Company delivered to the defendants all of the equipment except 500 clamps which plaintiff delivered.

The unsigned lease agreements are dated September 23, 1958, September 16, 1958, and August 29, 1958, respectively, and identified in the record as Exhibits 2, 3, and 4. The record shows that payment of rentals was received by the plaintiff after the mailing to the defendants of the originals of the lease agreements. There is in evidence a letter written by Mr. Collins, one of the defendants, forwarding a check for $597.20 "to cover the balance due on the shore clamps and jacks in accordance with Ellis' original agreement made on the purchase rental."

Plaintiff admits that it did not allege that the lease agreements were in writing, but contends that under the facts presented by the record it is not necessary in order to constitute a contract in writing that the agreement be signed by both parties, and that although it was not alleged and proved that the lease agreements were in writing, nevertheless, the defendants accepted the lease agreements sued upon by acts, con-

duct, and acquiescence sufficient to meet the requirements of Exception 5, supra, (citing Vinson v. Horton, et al, Tex. Civ. App., 207 S. W. 2d 432, no wr. history) and further, "under the facts as appeared in the record of the case reviewed by the Dallas Court of Civil Appeals, venue of the suit in Dallas County could still be maintained by virtue of an assumption of respondent's (plaintiff) written contract.

The Court of Civil Appeals recognized in its opinion that plaintiff's petition did not affirmatively allege a contract in writing, but nevertheless, made the following holding in affirming the judgment of the trial court:

> "Defendants' plea of privilege contained no verified plea of non est factum; Rule 93 (h) Texas Rules of Civil Procedure, in such connection requiring verification by affidavit of '(h) Denial of the execution by himself or by his authority of any instrument in writing, upon which any pleading is founded, in whole or in part, and charged to have been executed by him or by his authority, and not alleged to be lost or destroyed. * * * In the absence of such a sworn plea, the instrument shall be received in evidence as fully proved.'

> "Appellant excuses the failure to allege any plea of non est factum because plaintiff's pleadings did not affirmatively state that the contracts sued on were in writing; the only reference to 'a written lease' being contained in the controverting affidavit. Readers Wholesale Distributors, Inc. v. Trahan, Tex. Civ. App., 225 S.W. 2d 459 and Jones v. Davis, Tex. Civ. App., 149 S.W. 2d 165 are cited as authority for the rule that allegations first contained in controverting affidavit cannot be looked to for determination of venue; appellants contending that it is unnecessary to deny execution of the instruments under oath as required by Rule 93 where plaintiff did not allege specifically in his petition that the contracts sued upon were in writing or that they were executed by appellants.

> "While from the details of plaintiff's first amended petition it may be reasonably inferred that the obligations sued upon were in writing, same was not affirmatively alleged. However, no special exception was urged to the pleading on that ground. Directly bearing upon the situation at hand, in our opinion, is the recent decision of the Texarkana Court, the controverting affidavit there being allegedly deficient.

See North Texas Tank Co. v. Pittman, Tex. Civ. App., 290 S.W. 2d 724, 726. The court there holding: 'Neither from the petition nor the controverting affidavit in this cause does it affirmatively appear that the agreement to perform in Hunt County was in parol. In fact, we think the controverting affidavit was reasonably sufficient (in the absence of a special exception) to plead that the contract sued on was in writing. However, if defendant had made a specific exception or objection that the controverting plea did not spell out clearly that the contract in question was in writing, the plaintiff could have amended his controverting affidavit and have alleged the matter more clearly by more direct averments.' Here defendants filed no plea of non est factum in denial of the written instruments sued on by plaintiff, the express terms of Rule 93 (h) becoming thereby applicable; providing as it does that such instrument shall be received in evidence as fully proved. See also Rule 90, T.C.P. 'Waiver of Defects in Pleading.' Likewise, in our view, above quoted ruling in North Texas Tank Co. v. Pittman, supra, is controlling over the conclusions reached in Woods v. P.B.S. Motor Company, 288 S.W. 557 by the same court."

We cannot agree with the Court of Civil Appeals. To the contrary, we hold with the contention of the defendants that the Court of Civil Appeals' opinion is in direct conflict with the holding of a prior decision of the Texarkana Court of Civil Appeals in the case of H. L. Woods v. P.B.S. Motor Company, 288 S.W. 2d 557 (1956).

In the present case, there is no evidence that the defendants accepted the terms of the written, unsigned lease agreements. No proof has been introduced that the defendants ever executed such instruments.

■ In the Woods case, supra, the appellee (plaintiff) relied upon Subdivision 5, supra, to maintain venue in Red River County, a county other than that of the defendants' residence. The appellee, just as the plaintiff here, failed to plead or prove the execution of an instrument in writing. Appellee merely alleged that it and the appellant had entered into two contracts for the erection of two signs in Red River County to advertise appellee's business. The court held, contrary to the holding in the present case, that under such circumstances it was not necessary to deny the execution of the instruments under oath as required by Rule 93, supra. The plaintiff seeks to uphold its posi-

tion that the cases are not in conflict on the ground that, although the plaintiff did not affirmatively allege a contract in writing, and although neither the petition nor the controverting affidavit of the plaintiff charged or alleged that defendants ever executed a contract, and although the evidence fails to show that the defendants executed a contract in writing, the defendants filed no exceptions to the pleadings and that such failure, coupled with the absence of a plea of non est factum, constituted a waiver of the defects in the pleadings. The incidental holding in the present case that no exceptions were urged against the pleadings cannot change our conviction that the specific conflicting holdings in the two cases create a jurisdictional conflict.

In the case of North Texas Tank Co. v. Pittman, 290 S.W. 2d 724, supra, we have a different situation entirely. Obviously, in that case, if the specific exception that the contract in question was not specifically alleged to be in writing, plaintiff could have amended. In the present case, the objection was made that the pleadings failed to allege that the lease agreements were in writing. Plaintiff failed to amend to meet the objection. The complete absence of evidence that the contracts were executed indicates that the failure to amend was in keeping with the true facts.

Just as in the present case, there are no facts stated in the Woods' opinion from which a reasonable inference can be drawn that a written contract was either pleaded or proved. The opinion in the Pittman case and the Woods case reflect that the holdings in the two cases are based upon different facts.

Since we hold that the decision in the present case is sufficiently in conflict with the decision in the case of H. L. Woods v. P.B.S. Motor Company, supra, to give this court jurisdiction, it is unnecessary for us to decide whether or not the holding in the present case is also in conflict with the decision in the case of Harvey v. Bain, 140 Tex. 375, 168 S.W. 2d 234.

■ While we do not discuss the case of Harvey v. Bain, supra, in connection with the jurisdictional question, the case does have some bearing on the question of conflict. The case, however, very strongly supports our conclusion in the present case that there is no evidence of probative force that the defendants assumed the alleged contracts, and further there is no evidence that the defendants assumed the obligations of a written contract which was executed by the plaintiff much less executed by

the defendants. The only evidence is that printed copies of forms of three different contracts were mailed to defendant, Collins. There is some evidence that the defendants made compliance with a prior lease-purchase agreement with Ellis Manufacturing Company, but it is clear from the evidence that such compliance was pursuant to another and different agreement with a different party. There is evidence that Ellis had designated plaintiff as a distributor. The payment of $590.70 pursuant to the previous agreement with Ellis, however, does not constitute evidence that the defendants agreed to, or assumed, the lease instruments relied upon by the plaintiff. It was only evidence that the defendants in making such payment, and in their correspondence relative thereto, were acting under a prior lease-purchase contract with Ellis Manufacturing Company, which is not a party to this suit.

Just as the case of Harvey v. Bain, supra, this is not a suit upon an obligation in writing executed by the defendants. The plaintiff here, as there, is seeking to place the defendants in the position of one who executed a contract in writing performable in Dallas County by establishing the fact that they accepted the three forms of contracts as written agreements and by their acts assumed the obligations thereof. The plaintiff has failed to discharge the burden of proving as a venue fact that the defendants accepted the contracts. It is not sufficient to merely prove that they should have accepted them.

In the Harvey v. Bain case, supra, the escrow contracts involved were signed only by the landowners. In our case, there is no proof that the alleged contracts were ever executed by the plaintiff or the defendants. In Harvey v. Bain, supra, the court said:

"* * * To apply to appellant the rule which is applicable only to one who has executed a contract in writing would, it seems to us, be to assume the very question at issue. It must be established that he assumed the obligations of the escrow contracts before the rule could operate against him."

In our case there is no evidence showing that the conditions of the alleged agreements had been met by the acts, conduct, and acquiescence of the defendants. It must have been shown that an obligation came into existence before it could have been assumed. Therefore, the law announced in Harvey v. Bain applies with equal force here.

The judgments of the trial court and the Court of Civil Appeals are both reversed and judgment is here rendered sustaining defendants' plea of privilege and transferring this cause to the 126th District Court of Travis County, Texas, the county of the defendants' residence. All costs are adjudged against the plaintiff.

MR. JUSTICE CULVER, joined by CHIEF JUSTICE CALVERT, and JUSTICES GRIFFIN and WALKER, dissenting.

As pointed out in the majority opinion, for this court to acquire jurisdiction in a plea of privilege case on a basis of conflict of decisions, it is necessary that the conflict appear on the face of the opinions that are said to be in conflict and must be "so far upon the same state of facts that the decision of one is necessarily conclusive of the decision in the other."

The petitioners claim conflict with H. L. Woods v. P.B.S. Motor Company, 288 S.W. 2d 557 and Harvey v. Bain, 140 Tex. 375, 168 S.W. 2d 234. In my opinion in neither case is there such conflict with the decision of the court in this case as to comply with the above rule.

In the Woods case the plaintiff sued on an alleged breach of contract. The points brought forward and discussed by the Court of Civil Appeals were as follows: "Appellant did not prove that there was an obligation in writing executed by appellant nor prove that the appellant had contracted in writing to perform any obligation in Red River County for which he was sued." The court held that the appellee, having relied upon § 5, Art. 1995, V.A.C.S. to maintain venue in Red River County, failed to either plead or to prove execution of the instrument in writing the exception did not apply. Although in the Woods case the court did observe that since the appellee did not specifically allege that the contracts sued on were in writing or that they were executed by the appellant, it was not necessary to deny the execution of the instruments under oath as required by Rule 93, Texas Rules of Civil Procedure, yet the decision did not rest on that point. In our case the Court of Civil Appeals considered the respondent's First Amended Petition as reasonably inferring that the obligations sued upon were in writing although the same were not affirmatively alleged and that since no plea of non est factum was filed by the petitioner the instruments should be received in evidence as fully proved. Nevertheless, the court goes further in holding that even in the absence of proof of

signature where no plea of non est factum is required venue may still be maintained under the doctrine of assumption of plaintiff's written contracts.

In Harvey v. Bain the action was brought by certain lessors of mineral leases, signed only by the lessors, claiming that the lessee had accepted the contracts in Leon County. The ground relied upon in the controverting affidavit was that the lessee had contracted in writing to pay the consideration in Leon County and that the suit was upon that written contract. This court held that while ordinarily in a suit on a written obligation those matters which go only to the merits of the action will not be inquired into in a hearing on the question of venue only, nevertheless where the obligation in writing was not executed by the party to be charged one of the venue facts that must be established is that he assumed the obligation of the written contract. The lessors in that case did not discharge the burden of showing that the lessee ever became obligated to accept the lease contracts.

Admittedly here the contracts were not signed either by the petitioners or the respondent. The petitioners' case was predicated upon an acceptance by the respondent of the written lease agreement sent to the respondent for its signature. Correspondence between the parties was introduced in evidence and the trial court and the Court of Civil Appeals held that under the record the respondent had accepted and assumed the written contracts. In my opinion the evidence sustains that finding. The evidence is set forth in the opinion of the Court of Civil Appeals, 340 S.W. 2d 867, and will not be repeated here. I would dismiss the application for want of jurisdiction, and, in the alternative, affirm the trial court and Court of Civil Appeals.