**ARNOLD H. BRUNER & COMPANY,**
Appellant,

v.

**HIDALGO COUNTY WATER CONTROL & IMPROVEMENT DISTRICT NO. SIX, Appellee.**

No. 14149.

Court of Civil Appeals of Texas.
San Antonio.
Oct. 16, 1963.

Lyne, Blanchette, Smith & Shelton, Dallas, for appellant.

Strickland, Wilkins, Hall & Mills, Mission, for appellee.

BARROW, Justice.

This is an appeal by Arnold H. Bruner & Company from an order overruling its plea of privilege in a suit filed by Hidalgo County Water Control & Improvement District No. 6, to recover damages for breach of a drilling covenant contained in a written lease agreement. The primary question presented is whether the defendant must actually sign the written contract in order for plaintiff to maintain venue under Subd. 5, Art. 1995, Vernon's Ann. Civ.Stats.

The plea was heard without a jury and no findings of fact or conclusions of law were filed by the trial court. Therefore, it is presumed that the trial court found all fact issues raised by the evidence in a manner to support the judgment. Renfro Drug Co. v. Lewis, 149 Tex. 507, 235 S.W.2d 609.

On May 9, 1960, appellee, as lessor, and Bill I. Burch, as lessee, entered into an oil, gas and mineral lease of land located in Hidalgo County, Texas, for a primary term of one year. Lessee covenanted that he would commence to drill a well on the leased property within the primary term. The lease provided that the rights of either party might be assigned and that in the event of an assignment, liability for breach of any obligation should rest exclusively upon the owner of the lease, or a portion thereof, who committed such breach. On January 16, 1961, the lease was assigned by Burch to appellant by a duly recorded assignment. A well was not commenced within the primary term and appellee filed this suit to recover its damages for breach of the covenant. Appellant filed its plea

.of privilege to be sued in the county of its residence, which plea was duly controverted by appellee. The only exception asserted by appellee for maintaining venue in Hidalgo County is Subd. 5, Art. 1995, supra. The lease required lessee to perform an obligation in Hidalgo County, but appellant asserts that since it did not sign the agreement venue cannot be maintained under this exception.

 It is now definitely settled that it is not necessary, in order to constitute a "contract in writing" within this venue exception, that the agreement be signed by both parties; that one may sign and the other may accept by his acts, conduct, or acquiescence in the terms of the agreement. Collins v. F. M. Equipment Co., 162 Tex. 423, 347 S.W.2d 575; Harvey v. Bain, Tex., 168 S.W.2d 234; Vinson v. Horton, Tex.Civ.App., 207 S.W.2d 432; Taylor Construction Co. v. Clynch, Tex. Civ.App., 196 S.W.2d 700. See also McDonald, Texas Civil Practice, Vol. 1, § 4.11, and Clark, Venue in Civil Actions, Chap. 5, p. 39. It is undisputed that the written lease agreement was assigned to appellant by Burch and that appellant accepted the benefits and obligations of this lease agreement. It thereby became bound under the above rule to the terms of the written contract.

 Appellant asserts in the alternative, that it had reassigned the lease back to Burch on April 5, 1961, and that it did not own an interest in the lease at the time of its expiration. This matter raises a special defense which should be determined at the trial on the merits. McDonald, Texas Civil Practice, Vol. 1, pp. 344–345. In any event, there is sufficient evidence to support an implied finding by the trial court that the purported reassignment of the lease was not intended to convey title to the lease. Appellant's copy of the reassignment was introduced in evidence. It was marked "Void" across the face and on the notary's jurat. Appellant's manager testified that he had written a notation on this copy of the reassignment as follows:

"This was in the event Burch turned deal to someone for Bruner to take Bruner off the hook. He took original and voided my copy so it could not be recorded."

It was also shown that appellant had tendered to appellee a release of the lease after the expiration date. In the letter transmitting the release, appellant acknowledged ownership of the lease and gave a reason for its decision not to drill. This tendered release was refused by appellee.

The judgment is affirmed.