Jack W. MILLER, Appellant,

v.

Jess BROWN et al., Appellees.

No. 8560.

Court of Civil Appeals of Texas, Amarillo.

Sept. 22, 1975.

Rehearing Denied Oct. 20, 1975.

Underwood, Wilson, Sutton, Berry, Stein & Johnson, A. W. Sorelle III, Amarillo, for appellant.

Gibbins & Spivey, J. Patrick Hazel, Austin, Gibson, Ochsner, Adkins, Harlan & Hankins, Mac W. Hancock III, Amarillo, for appellees.

ELLIS, Chief Justice.

In this venue case, defendant Jack W. Miller has appealed from the order of the trial court overruling his plea of privilege to be sued in Randall County, Texas, the county of his residence. Affirmed.

Plaintiffs, Jess Brown and his son Joe W. Brown, brought suit in Castro County, Texas against Jack W. Miller and Castro County, defendants, for personal injuries and damages to a truck which turned over when a Castro County roadway gave way next to a bar ditch then being used by Miller to carry irrigation water in connection with his farming operations. Castro County filed a cross-action for indemnity, or alternatively, contribution against Miller. Miller's plea of privilege was filed in response to the primary action and to the cross-action. Plaintiffs and cross-plaintiff, Castro County, filed controverting affidavits.

On October 4, 1972, Jess Brown and another person were hauling corn in trucks owned by Joe W. Brown from a field in Castro County. Jess Brown left the field in a truck loaded with an estimated 30,000 pounds of corn and proceeded to a grain elevator some miles distant. Part of the route was along a dirt road constructed and maintained by Castro County pursuant to easements granting the road right of way to the county.

As he approached a grain truck which was returning from the elevator, Jess Brown stopped his truck three or four feet from the right-hand edge of the road surface and turned off the engine. A tract of irrigated farm land owned by appellant abutted the dirt road at the place where Jess Brown stopped his truck. The oncom-

ing truck stopped alongside Jess Brown's truck and the two drivers talked for a short period of time.

As Jess Brown was about to start his truck engine to proceed to the grain elevator, he felt the road give way beneath the rear of the truck. He started the engine and attempted to get the truck into gear quickly enough to move to firm ground. Jess Brown did not, at the time of the occurrence, know whether he was sinking into mud or slipping off the side of the road. The truck, in fact, slipped or fell into the bar ditch off the right-hand side of the road. The truck turned over on its side spilling much of the corn, injuring Jess Brown, and damaging the truck.

There was testimony that the bar ditch was from four to five feet deep at the place where the accident occurred. The exact depth was not known. The evidence further revealed that weeds which had grown up in the bar ditch obscured from Jess Brown's view the depth of the bar ditch. It is undisputed that the bar ditch was deepened by Buster Lawrey Construction Company at the request of appellant in late 1970 or early 1971 in order to provide a means to collect irrigation runoff or tailwater which appellant could recirculate for reuse on his farm.

In two points of error appellant contends that appellees failed to plead and prove the necessary venue facts to support any exception to Tex.Rev.Civ.Stat.Ann. art. 1995. By their respective controverting affidavits, appellees, Jess Brown and Joe W. Brown, and Castro County, relied upon subdivisions 9a, 19 and 29a of art. 1995 to sustain venue in Castro County.

No findings of fact or conclusions of law were requested or made in this case. The order of the trial court, therefore, implies all necessary fact findings in support of the order. *Renfro Drug Co. v. Lewis,* 149 Tex. 507, 235 S.W.2d 609 (1950); *Gulf Land Co. v. Atlantic Refining Co.,* 134 Tex. 59, 131 S.W.2d 73 (1939). Notwithstanding this rule, the filing of the plea of privilege

placed the burden on the appellees to plead and prove by a preponderance of the evidence the applicability of one of the exceptions to the general rule of art. 1995 to the facts of this case. *Collins v. F. M. Equipment Company,* 162 Tex. 423, 347 S.W.2d 575 (1961); *Compton v. Elliott,* 126 Tex. 232, 88 S.W.2d 91 (1935).

We believe that subdivision 9a of art. 1995 applies to establish venue in the county of suit between plaintiffs and appellant, i. e., that plaintiffs have established a negligence cause of action against appellant, which cause arose from acts committed in Castro County.

To maintain venue under subd. 9a plaintiffs were required to establish: (1) that an act or omission of negligence occurred in the county where suit was filed; (2) that such act or omission was that of appellant Miller, in person, or that of his servant, agent, or representative acting within the scope of his employment; and (3) that Miller's negligence was the proximate cause of plaintiffs' injuries.

■ Appellant, as an owner of land owed a duty not to create an unreasonable risk of harm to persons using the road abutting appellant's property. *Atchison v. Texas & P. Ry. Co.,* 143 Tex. 466, 186 S.W.2d 228 (1945); *Skelly Oil Co. v. Johnston,* 151 S.W.2d 863 (Tex.Civ.App.—Amarillo 1941, writ ref'd); Restatement (Second) of Torts § 368 (1965). Appellant breached that duty by excavating the bar ditch alongside the road thereby creating and allowing to remain a dangerous condition to users of the road, whether by his own hand or by the work of an independent contractor.

■ The evidence further supports a finding of proximate cause which consists of two elements: foreseeability and cause in fact. *Clark v. Waggoner,* 452 S.W.2d 437 (Tex.1970); *Enloe v. Barfield,* 422 S.W.2d 905 (Tex.1967). We observe from testimony by appellant that, prior to the accident, he was contacted by the Castro County Commissioners Court and was requested to fill in the ditch. Although appellant testified

that he was not certain about the reason for the Commissioners Court's request, he stated that he did not know of a reason other than the safety of the road. At least from the request made by the Commissioners Court appellant had reason to believe that the excavation posed an unreasonable danger which probably would result in harm to users of the road. Indeed, appellant agreed to fill in the bar ditch, which he had deepened without the consent of the Castro County Commissioners. Appellant had contacted one who would fill in the bar ditch, but who did not fill it in prior to the accident. Although appellant may not have known the precise manner in which the accident would occur, appellant's testimony reveals that he knew or reasonably should have known that the deepened ditch posed a danger which probably would result in injury if the condition were not eliminated by filling in the deepened bar ditch. *Atchison v. Texas & P. Ry. Co.*, supra.

Jess Brown testified that he felt the back end of his truck slip. Joe Brown stated that upon arriving at the scene of the accident some ten minutes after the accident occurred he observed that the road had caved off. It is reasonable to conclude that the road surface would not have given way but for the excavation and water erosion which took away the support beneath the surface of the road so that it collapsed under the weight of the truck. Plaintiffs need not exclude all possibility that the accident occurred other than as they allege. Plaintiffs need show only that the greater probability is that the deepening of the ditch and the failure of appellant to fill it in caused the truck to overturn. *Birmingham v. Gulf Oil Corporation*, 516 S.W.2d 914 (Tex.1974); *Burlington-Rock Island R. Co. v. Ellison*, 140 Tex. 353, 167 S.W.2d 723 (1943). Cause in fact may be established by circumstantial evidence. *Lynch v. Ricketts*, 158 Tex. 487, 314 S.W.2d 273 (1958); *Boddy v. Canteau*, 441 S.W.2d 906 (Tex.Civ.App.—San Antonio 1969, writ ref'd n. r. e.). From testimony by appellant and appellee Joe Brown as to the depth of the deepened bar

ditch and from testimony by appellant as to the subsequent water erosion, we believe the trial court reasonably could infer that the road was in a weakened condition which would not support the weight of the truck, and that such condition was the cause in fact of the overturning of the truck. We believe the evidence supports a finding by the trial court that plaintiffs established the applicability of subdivision 9a to maintain venue in Castro County.

We have determined that venue in Castro County is proper as to appellant in the primary suit; venue is also proper in Castro County with respect to the cross-action. Suit against a county must be brought in that county under subdivision 19 of art. 1995. Thus, venue in Castro County as to appellee Castro County is proper in the primary suit.

We recognize the general rule of venue that a defendant has the right to be sued in the county of his residence. This general rule applies to cross-defendants as well as to defendants in the primary suit. However, where, as here, venue is proper as to both defendants in the primary suit, venue will be proper in the same county for maintaining all cross-actions arising out of the same transaction having essentially identical issues of law and fact. *Jefferson Chemical Co. v. Forney Engineering Co.*, 466 S.W.2d 361 (Tex.Civ.App.—Houston [1st Dist.] 1971, writ dism'd); *Willis v. Contreras*, 508 S.W.2d 110 (Tex.Civ.App.—Houston [1st Dist.] 1974, no writ); *Cape Oil Company v. Williams* 427 S.W.2d 122 (Tex. Civ.App.—Tyler 1968, no writ).

Since we have held that venue is established in Castro County, we do not reach appellant's other contentions. Accordingly, appellant's points of error are overruled, and the order of the trial court overruling appellant's plea of privilege is affirmed.