**RELIABLE, INC., Appellant,**

v.

**AIRCO PLUMBING & SHEET METAL, INC., Appellee.**

**No. 997.**

Court of Civil Appeals of Texas, Tyler.

Feb. 17, 1977.

John M. Gillis, Gillis, Rogers & Taylor, Dallas, for appellant.

Ray Farabee, Fillmore, Lambert, Farabee & Purtle, Wichita Falls, for appellee.

McKAY, Justice.

This is a venue case in which Reliable, Inc. (Reliable) appeals from an order of the trial court sustaining the plea of privilege of Airco Plumbing & Sheet Metal, Inc. (Airco) to be sued in Clay County, its principal place of business. Reliable brought suit on a sworn account in Smith County; Airco filed its plea of privilege, and Reliable filed

a controverting affidavit alleging exclusive venue in Smith County under Subdivision 5, Art. 1995, V.A.C.S. After a hearing the trial court sustained the plea and ordered the case transferred to the district court in Clay County. No findings of fact or conclusions of law were requested or filed.

Airco had a subcontract to do mechanical and plumbing work on a General Telephone building in Seymour, Texas. Airco subcontracted with Reliable and J & K Insulation Co. (J & K) in writing for Reliable and J & K to furnish labor and materials for insulation work on the building. The contract provided for a total price of $6,150.00, but there was no provision as to where the money was payable. Several deliveries of materials were made to the job site and to Airco, and Reliable billed Airco on invoices which included the language, "All invoices due and payable in Tyler, Smith County, Texas." The question is whether such language on the invoices brings this case under Subsection 5 of Art. 1995.

The contract and two copies of one Reliable invoice to Airco were introduced into evidence, one of the copies having notations of some credit memos. Nine other invoices and two credit memos were offered into evidence together with Reliable's petition to which they were attached, but apparently they were never admitted although the trial judge stated, "The court can take judicial knowledge of the pleadings on file in the papers; they are automatically a part of this record, and there is no necessity to offer them into evidence." Six of the nine invoices were signed by Jack Mayfield of J & K upon delivery to the job site. There is also in evidence a letter dated February 21, 1973, from Bob Skinner, the Secretary or Treasurer of Airco, to Glenn Martin of Reliable in which Skinner explained that Airco did not receive certain invoices from Reliable in time to be included in their estimate to the general contractor for the month of January, but that "We will send you payment on invoices as soon as we receive payment for them." The letter further said, "You will take note that I have corrected Invoice No. 1002. I have also includ-

ed two invoices that I believe were sent to us by mistake." Skinner was the only witness to testify that he admitted Airco received the invoices, but he testified he thought he had paid part of the invoices, but that the contract had not been modified.

Appellant brings two points of error. Point one complains that the trial court erred in sustaining defendant's plea of privilege and ordering transfer from Smith County, Texas, when "the parties had agreed in writing to pay the account in Smith County, Texas," within the meaning of Section 5, Article 1995, V.A.C.S. Point two complains that the trial court's "implied finding" that the parties had not contracted in writing to perform an obligation in Smith County, Texas, is against the greater weight and preponderance of the evidence. Since both points relate to whether the term "All invoices due and payable in Tyler, Smith County, Texas" is a part of the contract for venue purposes, both will be discussed together.

■ Subsection 5, Article 1995, V.A.C.S., provides:

"If a person has contracted in writing to perform an obligation in a particular county, expressly naming such county, or a definite place therein, by such writing, suit upon or by reason of such obligation may be brought against him, either in such county or where the defendant has his domicile."

The burden is upon the plaintiff to allege and prove by a preponderance of competent evidence, the facts necessary to bring the case within the particular exception of Article 1995 it relies upon. *Collins v. F. M. Equipment Co.*, 162 Tex. 423, 347 S.W.2d 575, 577 (1961); *Admiral Motor Hotel of Texas, Inc. v. Community Inns*, 389 S.W.2d 694, 698 (Tex.Civ.App.—Tyler 1965, no writ); *Barnwell v. Fox & Jacobs Construction Co.*, 469 S.W.2d 199, 204 (Tex.Civ.App. —Dallas 1971, no writ). We believe Reliable failed to make such proof.

■ The settled law of this state is that where all the terms of the contract have been agreed upon and the contract is complete, the seller cannot unilaterally fix the place of payment by subsequently sending the buyer an invoice providing for payment in a specified county. *Jenkins v. Silverthorne*, 510 S.W.2d 171, 173 (Tex.Civ. App.—Amarillo 1974, no writ); *Knapp Corporation v. Lofland*, 466 S.W.2d 847, 848, 849 (Tex.Civ.App.—Dallas 1971, no writ); *K. T. Lease Service, Inc. v. Alamo Welding and Boiler Works, Inc.* 431 S.W.2d 58, 62 (Tex.Civ.App.—San Antonio 1968, no writ). There is no evidence that the invoices sent out by Reliable were intended to modify the terms of the original contract. The invoice was merely a billing, not required by the contract, for money owed by Airco to Reliable for goods already delivered pursuant to the contract. The fact that Skinner promised in his letter to Martin to pay the invoices is of no consequence, for this would only be an acknowledgment of a debt already owed by Airco. The fact that Mayfield signed the invoices upon delivery is of no consequence, since the invoices were merely being used as delivery slips to insure Reliable proof that such goods had been delivered. Moreover since there are no findings of fact and conclusions of law, we must presume every fact issue and such implied findings as were necessary were found by the trial court in support of the judgment rendered. *Morris v. Texas Elks Crippled Children's Hospital, Inc.*, 525 S.W.2d 874, 881 (Tex.Civ.App.—El Paso 1975, writ ref'd n.r.e.); *Washington v. Law*, 519 S.W.2d 953, 954 (Tex.Civ.App.—Houston [14th Dist] 1975, writ ref'd n.r.e.).

We hold that the invoice language in question was not a part of the contract between Airco and Reliable, thus venue cannot be sustained in Smith County.

The judgment of the trial court is affirmed.