The FIRST NATIONAL BANK OF JEFFERSON, Appellant,

v.

LACO CONSTRUCTION COMPANY, Appellee.

No. 1149.

Court of Civil Appeals of Texas, Tyler.

June 15, 1978.

Rehearing Denied July 20, 1978.

J. R. Cornelius, Kyle S. Morrison, The Cornelius Law Firm, Jefferson, for appellant.

Wayne H. Prescott, Brown, Maroney, Rose, Baker & Barber, Austin, Atchley, Russell, Waldrop & Hlavinta, Texarkana, for appellee.

DUNAGAN, Chief Justice.

This is an appeal of an order of the trial court sustaining the plea of privilege of the defendant, Laco Construction Company, Inc., the appellee. The appellant, The First

National Bank of Jefferson, seeks to hold venue in Marion County under subsection 5 of Article 1995, V.A.C.S.

The following facts gave rise to the institution of this suit:

1. On or about July 23, 1975, Laco Construction as contractor, and Jefferson Furniture Corporation as supplier, each acting by and through a duly authorized officer thereof, entered into a contract and purchase order whereby Jefferson agreed to supply to Laco all kitchen cabinets, utility shelving and certain other items described therein in connection with a project at Sheppard Air Force Base for a total contract price of $191,000.00.

2. On or about April 22, 1975, Jefferson Furniture Corporation assigned its accounts receivable to The First National Bank of Jefferson, the said accounts receivable being pledged as security for a loan that The First National Bank of Jefferson eventually foreclosed upon.

3. On or about July 16, 1976, and August 5, 1976, Jefferson Furniture shipped certain cabinets to the appellee. The appellee has refused to pay for the cabinets claiming that the cabinets were of inferior quality. The First National Bank of Jefferson instituted this suit as assignee of the accounts receivable of Jefferson Furniture Corporation.

The agreement entered into between Laco Construction Company and Jefferson Furniture Company on July 23, 1975, did not specify a particular county wherein the contract was to be performed. The appellant is relying upon several invoices that appear in the record which were purportedly sent along with the cabinets which were delivered to the appellee. These invoices contained a provision setting venue in Marion County. The appellant sets forth several points of error which contend that venue may be maintained in Marion County pursuant to subsection 5 of Article 1995, V.A.C.S.

Subsection 5, Article 1995, V.A.C.S., provides:

"If a person has contracted in writing to perform an obligation in a particular county, expressly naming such county, or a definite place therein, by such writing, suit upon or by reason of such obligation may be brought against him, either in such county or where the defendant has his domicile."

In order to defeat a defendant's privilege of being sued in the county of his residence, when challenged, the burden is upon the plaintiff to allege and prove, by a preponderance of the competent evidence, the facts necessary to bring the case within the particular exception to Article 1995, as alleged. *Berry v. Pierce Petroleum Corporation*, 120 Tex. 452, 39 S.W.2d 824 (1931); *Compton v. Elliott*, 126 Tex. 232, 88 S.W.2d 91 (1935); *Collins v. F. M. Equipment Co.*, 162 Tex. 423, 347 S.W.2d 575, 577 (1961); *Admiral Motor Hotel of Texas, Inc. v. Community Inns*, 389 S.W.2d 694, 698 (Tex.Civ. App.—Tyler 1965, no writ).

Of critical importance in this appeal is the question of whether or not the agreement entered into on July 23, 1975, between Laco Construction Company as contractor and Jefferson Furniture Company as supplier constituted a complete agreement between the parties. The appellant seeks to establish venue in Marion County by virtue of a clause contained in the invoices previously mentioned stating that "all accounts due and payable at Jefferson, Marion County, Texas." If the agreement of July 23, 1975, can be said not to be a complete agreement, thus allowing certain particulars to be agreed upon at a later date, then the invoices in question may be proven to constitute part of the agreement between the parties.

The appellant relies upon the fact that the agreement of July 23, 1975, contains a provision that monthly invoices must be sent to the appellee before the appellee will be obligated to pay for the cabinets received. We do not feel that this clause makes the agreement of July 23rd an incomplete agreement. The contract did not designate any place for payment of this account. The provision requiring monthly

invoices to be sent to the appellee does not constitute an unusual business practice since such invoices usually contain an itemization of the products shipped and the cost that was charged for them. We do not think the requirement of such invoices leaves terms of the original agreement open to be determined at a later date. The terms of the contract were set out in the original agreement and the sending of these invoices was merely one of the terms of the contract.

It is said in *Barnwell v. Fox & Jacobs Construction Company*, 469 S.W.2d 199 (Tex.Civ.App.—Dallas 1971, no writ history) at page 204:

"... In those cases where it is shown that the invoice relied upon came subsequent to the consummation of a completed agreement between the parties it is held that such could not form the basis of an exception to the venue statute. In other words, a completed contract, which does not include provisions establishing place of performance, may not be enlarged or altered to include these venue provisions by a later invoice, especially one shown to be nothing more than a delivery receipt. [citing cases]"

Even if the agreement of July 23, 1975, could be held to be an incomplete agreement allowing some terms and conditions of the contract to be agreed upon at a later date, there is no showing that the invoices in question were properly agreed upon and executed so as to become a part of the contract. The only testimony in the record is testimony by an individual who is an executive vice president of the First National Bank of Jefferson. Nowhere in the record does this individual give any evidence that he has knowledge that these invoices were in fact sent to or received by Laco Construction Company. It is true that a packing list was returned after being signed by a representative of the appellee, but this packing list did not contain any provision setting venue in Marion County and we do not feel that this packing list can be equated to an invoice, the two items being separate documents.

It is now definitely settled in Texas that it is not necessary in order to constitute a "contract in writing" that the agreement be signed by both parties; one may sign and the other may accept by his acts, conduct or acquiescence in the terms of the agreement. *Dowdell v. Ginsburg*, 244 S.W.2d 265, 266 (Tex.Civ.App.—Fort Worth 1951, n. w. h.). In the instant case, there is no testimony showing that the invoices were ever received by the appellee. Also, it is apparent on the face of these invoices that neither party has signed such invoices. We do not feel that the ex parte statement of the appellant's assignor is sufficient to establish venue under subsection 5 of Article 1995. *West Flour Mill, Inc. v. Vance*, 430 S.W.2d 232, 235 (Tex.Civ.App.—Tyler 1968, writ dismissed). The appellant's first five points of error are overruled.

In its sixth point of error the appellant contends that 12 U.S.C.A. § 94 is applicable to said venue at a county other than the county of the defendant's residence. Title 12 U.S.C.A. sec. 94 (1945) provides:

"Actions and proceedings against any association under this chapter may be had in any district or Territorial court of the United States held within the district in which such association may be established, or in any State, county, or municipal court in the county or city in which said association is located having jurisdiction in similar cases."

The appellant cites no authority for the proposition that this section of Title 12 of the United States Code Annotated governs venue when a bank brings an action as a plaintiff. We have found no authority to support that position. A reading of the section in question shows that the section deals with actions *against* associations covered in the section. We do not believe that this section is applicable to determine venue when a bank institutes an action as plaintiff. Accordingly, the appellant's sixth point of error is overruled.

The judgment of the trial court is affirmed.