## TUCKER v. TUCKER et al.
### No. 5153.

Court of Civil Appeals of Texas. Amarillo.
May 6, 1940.

R. H. Templeton and R. H. Cocke, both of Wellington, for appellant.

Lewis M. Goodrich, of Shamrock, for appellees.

FOLLEY, Justice.

This is a partition suit filed by the appellant, Vera Tucker, the second wife of Oliver E. Tucker, deceased, against the children of Oliver E. Tucker by his first wife. During

the marriage of Oliver E. Tucker and his first wife, Sadie J. Tucker, three children were born, J. N. Tucker, a son, and Ruth and Erma Tucker, two daughters. The daughters Ruth and Erma, at the time this suit was filed, were married to Levi Reid and Ed Riley, respectively. The three Tucker children were the defendants in the trial court and are the appellees here. The two daughters were joined by their respective husbands as defendants in the trial court and these husbands are appellees herein, but, since such husbands have no interest in the subject matter of this suit, hereafter, when referring to appellees, we shall mean to refer only to the three children above named of the first Tucker marriage.

In 1919, at the time of the death of Sadie J. Tucker, the first wife who died intestate, there was a community estate belonging to the first marriage consisting principally of an equity in 320 acres of land in Collingsworth County, Texas, and certain livestock, farming implements and miscellaneous personal property. In 1923 Oliver E. Tucker was married to the appellant, Vera Tucker. At that time the eldest of the three children was about seven or eight years of age. No children were born of the second marriage.

Immediately after the second marriage Oliver E. Tucker moved upon the land in Collingsworth County with his second wife and the three children of the first marriage. They there resided and farmed the land until 1928. In July of that year Oliver E. Tucker, who had qualified as community survivor of the estate of himself and his deceased wife, traded the equity in the land in Collingsworth County for 200 acres in Wheeler County, Texas. In such exchange Tucker executed a vendor's lien note for $2,000 as part consideration, which amount represented the value of the Wheeler County land in excess of the value of the equity owned by the community estate in the Collingsworth County land. This $2,000 note was transferred to the Federal Land Bank of Houston. Oliver E. Tucker and the appellant, Vera Tucker, renewed and extended this indebtedness and executed a deed of trust to secure the same upon the Wheeler County land.

Immediately upon the purchase of the Wheeler County land the Tucker family as then constituted moved upon the land, farmed it and enjoyed the revenues therefrom until the death of Oliver E. Tucker

in 1933. In 1931, however, prior to her father's death, Ruth Tucker was married to Levi Reid and thereafter resided in New Mexico. The daughter Erma continued to reside upon the land with her stepmother after her father's death until she was married to Ed Riley in 1934. The son, J. N. Tucker, resided upon the land with his stepmother until about the time this suit was filed. During the year 1938 the land was rented to a tenant by the appellant but she continued to reside upon the premises.

In January, 1939 this suit was filed by the appellant alleging that she owned a one-half undivided interest in the 200 acres of land in Wheeler County and that the three children each owned an undivided one-sixth interest therein. She further asserted that from her separate funds she had paid a portion of the indebtedness against the property and had paid certain community debts, for all of which she sought an equitable lien on the interest of the appellees in the land. She further alleged that the land was not susceptible of partition, that the land and certain personal property should be sold, and after she had been reimbursed for the money she had advanced from her separate estate, she asked that the balance of the proceeds be paid to the parties as their interests might appear.

The appellees answered denying that the appellant owned a one-half interest in the land but did assert that she owned a one-fourth interest therein and that the appellees each owned an undivided one-fourth interest. They further denied that the appellant had paid any debts of any character from the assets of her separate estate and asserted that such debts had been paid from the rents and revenues from the land. The appellees, however, filed a trial amendment in which the assertion was made that the property involved belonged to the first community and that the appellant had no interest therein.

The trial was before the court without a jury. Judgment was rendered that the appellees, J. N. Tucker, Erma Riley and Ruth Reid, recover the land in equal shares, subject, however, to an indebtedness of $668.86 due the Federal Land Bank; that the appellant should recover from the appellees the sum of $1,359.11 found to have been expended by her from her separate estate for the protection of the estate of the appellees; that such sum be declared a charge against the land; that such land

was not susceptible of partition and should be sold subject to the indebtedness due the Federal Land Bank and the proceeds therefrom applied to the payment of appellant's claim, the remainder to be divided equally between the three children; and that all of the personal property be sold and one-half of the proceeds thereof be paid to the appellant and the other half divided equally between the appellees. The court also appointed appraisers and a receiver to carry out the orders of the court.

█ The chief complaints of the appellant here consist of an assertion that the court erred in failing to award her a life estate in the 200 acres of land and further erred in failing to set aside to her a homestead right in her deceased husband's equity in the land. We think a complete answer to these contentions of the appellant is to be found in the findings of the trial court to the effect that the appellant by her pleadings abandoned her life estate and homestead rights in the property. The appellant asked only for partition of the property, claiming a one-half interest in the same, but at no time did she assert that she was entitled to a life estate or claim any homestead rights in the land. Not having presented such claims to the trial court she cannot successfully urge such matters in this court.

In his findings of fact and conclusions of law the trial court found that the appellant had expended from her separate estate the sum of $1975.34 for the protection of the estate of the appellees; that the value of the personal property on hand at the time the appellant was married to Oliver E. Tucker was $850; that the appellant had collected $191.23 rent from the land in 1938, the only year the land was rented; that the appellees were entitled to a credit of $425, which is one-half of the value of the personal property above mentioned, as an offset to the amount expended by the appellant from her separate funds; and that the appellees were further entitled to a credit of the $191.23 received by the appellant as rent in 1938. Therefore, in balancing accounts between the parties the court offset the $1,975.34 expended by the appellant with the two items of $425 and $191.23, leaving a balance due the appellant in the sum of $1,359.11, which was the amount charged against the land as above stated.

█ The appellant contends that the court erred in failing to allow her a credit for other items alleged to have been expended by her from her separate estate which were not included in the $1,975.34 above mentioned. She further asserts that the court erred in not charging such items against the land of the appellees. The testimony shows that the appellant collected $1,892 insurance money upon the life of her deceased husband, which apparently constituted funds of her separate estate. So far as the record indicates no other property was owned by her in her separate right. Such being true we think the testimony was insufficient to warrant a finding of additional expenditures from her separate estate over and above the $1,975.34 found by the court, and incidentally, we are at a loss to know just how the appellant expended $1,975.34 from her separate estate which consisted of only $1,892, but certainly such discrepancy is a matter about which the appellant has no right to complain. There was testimony to the effect that the appellant was a practical nurse and earned some money employed in such capacity, but as to when she earned such money or the amount thereof, the record is entirely silent.

█ The appellees attempt to present several cross-assignments also seeking reversal of this case. Their chief complaint is that since the appellant enjoyed the rents and revenues from the land that she was therefore not entitled to a lien thereon for the advancements made by her from her separate estate. At the time the appellant so enjoyed the premises she possessed both homestead and life estate rights therein and, therefore, she and the appellees were tenants in common. Under such circumstances, in the absence of an ouster of her cotenants, she would not be liable to the appellees for the rents and revenues from the property. 11 Tex.Jur. 462, para. 39, and authorities cited.

Without extending this opinion further we deem it sufficient to state that under the pleadings, evidence and circumstances of this case, it is our opinion that the trial court made a fair and equitable division of the property between the parties, and that under the record presented no reversible error is shown. Therefore, all of the assignments of the appellant and appellees are overruled without further discussion.

The judgment is affirmed.