Genevieve E. HALL, Appellant,

v.

TEXAS STATE BANK et al., Appellees.

No. 10444.

Court of Civil Appeals of Texas.

Austin.

Jan. 9, 1957.

Rehearing Denied Jan. 30, 1957

Trenckmann & Trenckmann, Austin, for appellant.

Cofer & Cofer; Wm. Kay Miller; Looney, Clark & Moorhead, Franklin W. Denius; Patterson & Patterson, Austin, for appellee.

ARCHER, Chief Justice.

This suit was filed by Fred Hall, one of the appellees, against Genevieve E. Hall, appellant and others for a partition of certain real estate, for an adjudication of respective interests, for the appointment of a receiver with power to sell the property and for a division of the net proceeds to the parties as their respective interests appear.

The title to the property was owned in fee as follows: Fred Hall ⅝ths with a small community interest with his wife from whom he is permanently separated, and ⅙th by Genevieve E. Hall. Mrs. Fred Hall filed an answer claiming an interest in the property. The three banks filed answers setting up their claims based on abstracted judgments against Fred Hall. Genevieve E. Hall filed her answer asserting title to an undivided ⅙th interest in the property. A further claim was made that she was entitled to certain rents which had been paid to her father, Edgar R. Hall.

Trial was had with the aid of a jury, but at the conclusion of the testimony the court withdrew the case from the jury and rendered judgment fixing the respective interests in the property, to which there is no objection, but the court denied the claim of Genevieve E. Hall for rents and it is from this portion of the judgment that this appeal is taken.

The appeal is before this Court on ten points and are to the effect that there was no evidence to support the judgment denying appellee a recovery for rental reimbursement, and that such judgment is against the great weight and preponderance of the evidence, and that on the basis of the established facts, stipulations and as a matter of law the judgment was improper.

Further complaint is made to the action of the court in dismissing the jury and rendering judgment and in refusing to submit special issues numbers one, two and three, requested by appellant, and in granting leave to Fred Hall to file, on the morning of the trial, a trial amendment asserting the defenses of limitation and laches, and in the alternative in refusing a postponement of the trial, and finally in permitting Fred E. Hall, over objection, to testify that appellant lived on a part of the land without paying rent and in the rendering of the judgment setting over to appellant a part of the lands.

The common source of title is Edgar Hall and his wife, Mary E. Hall, who had owned the property since as early as 1906. The Hall family, consisting of father, mother and three children who are Fred Hall, Buford Hall and Genevieve Hall, lived on the premises.

Some rearrangement of the improvements was had about the year 1933. Mary E. Hall died intestate in 1934 and her heirs were her husband and three children. Subsequent to 1934 Edgar Hall and daughter, Genevieve Hall, continued to live in the residence.

The Hyde Park Floral Company was a family corporation. At all times material hereto Genevieve E. Hall owned four shares out of a total of 60 shares.

Subsequent to the death of Mrs. Hall the corporation agreed to pay Edgar Hall rent for the use of the property in such amounts weekly as would take for him to get along with, never a fixed amount, but whatever he needed to take care of him, in lieu of his life estate. Neither Buford nor Fred Hall received any rent.

Genevieve Hall did not testify and there is no evidence that she was ever excluded from the premises but that she lived in the residence with her father and there was no evidence that she ever demanded any rent and her joint possession was always recognized. Then, too, there is no evidence that Genevieve Hall did not always know that her father was receiving money for the use of the property; in fact, the money so received was used in the maintenance of the house for Edgar Hall and Genevieve Hall.

On January 27, 1945, Edgar Hall conveyed to Genevieve Hall the Home Tract (which was awarded to her in the judgment) retaining a life estate therein. On March 1, 1945, Edgar Hall conveyed the remainder of the property to Fred Hall and retained therein a life estate reservation. He died in 1955.

Buford Hall died and Fred Hall purchased from Buford Hall's widow her interest in the estate in 1947.

■ We believe that the court properly withdrew the case from the jury and denied appellant's claim for rent asserted against Edgar Hall, and that there was no abuse of discretion in permitting appellees to file a trial amendment setting up a plea of limitation and of laches. There was no error in permitting evidence to be offered that appellant had lived on the premises without paying rent. She had the right as a co-tenant to reside thereon.

Subsequent to the execution of the deeds in 1945, Edgar Hall did not own any interest in the land except his retained life usage thereof. He continued to receive from the corporation income which he used for the support of the home.

Genevieve Hall at no time, after the execution of the deeds in 1945, made any claim or demand for any rent.

Rule 66, Texas Rules of Civil Procedure; Roberts v. Roberts, 136 Tex. 255, 150 S.W. 2d 236, 136 A.L.R. 1019, reversing Tex. Civ.App., 140 S.W.2d 528; Lake v. Reid, Tex.Civ.App., 252 S.W.2d 978; Tucker v. Tucker, Tex.Civ.App., 140 S.W.2d 200; Buchanan v. Davis, Tex.Civ.App., 43 S.W. 2d 279, affirmed Tex.Com.App., 60 S.W.2d 192; Roberts v. Roberts, Tex.Civ.App., 278 S.W. 937.

Appellant appears to base her claim for reimbursement on the ground that she has been denied the possession of the property in which she has a joint interest.

There is no testimony that such has been the fact. Actually she has resided on the premises with her father all of her life and lives there now. No claim is asserted against Fred Hall and none could be because there is no evidence that he ever received any rent.

The claim rests on the contention that prior to 1945 Edgar Hall owed his daughter, appellant, rent and that the interest conveyed to Fred Hall is charged with an equitable claim for rent.

■ The undisputed testimony is that the money received by Edgar Hall was used for the support of his daughter and himself. The right of possession is common to all of the joint owners and is considered rightful until shown to be hostile to co-owners.

Lake v. Reid, supra, 11 Tex.Jur. 427–429, Sec. 19; Tucker v. Tucker, supra.

■ We do not believe that it was error to refuse to submit the special issues requested by appellant since there was no dispute as to the issues.

There is no complaint as to the partition and award of the Home Place to appellant but some question is raised as to the wording of the judgment providing for a "special warranty" deed from Fred Hall and Mrs. Fred Hall.

As a rule in partition of common property the owners take under Article 6100, Vernon's Ann.Civ.St., as under a full warranty deed and the judgment is reformed so that the respective parties will take under the Article, and as reformed the judgment of the trial court is affirmed.

Reformed and affirmed.