John W. NEWBERN, Appellant,

v.

Harry SPIRO, Appellee.

No. 16465.

Court of Civil Appeals of Texas.

Dallas.

Feb. 19, 1965.

Bagby & Ross, Arlington, for appellant.

Turner, Rodgers, Winn, Scurlock & Terry, Robert W. Calloway and John H. McElhaney, Dallas, for appellee.

DIXON, Chief Justice.

Appellee Harry Spiro of New Orleans, Louisiana, brought suit against appellant John W. Newbern, doing business as The Newbern Company, for the sum of $239.53, which appellee alleges is the amount of excess shipping charges he was compelled to pay on a shipment of antiques purchased from appellant for the sum of $5,700.

The suit is based on an agreement written on the back of an invoice, said agreement providing that the shipping charges were not to exceed $150 and "any amount over $150.00 to be paid by The Newbern Company." The written agreement is signed by Hubert Slym, alleged to be the agent of appellant.

Though appellant through his attorney was duly notified of the setting of the case for trial, neither appellant nor his attorney appeared or participated in the trial.

At the conclusion of the evidence the court sustained appellee's motion for instructed verdict and rendered judgment accordingly.

In two points on appeal appellant alleges that it was error (1) to instruct the verdict because of a lack of competent evidence, and (2) to overrule appellant's motion for new trial.

Appellee proved up his case by means of the depositions of appellee Spiro and the testimony of attorney Robert W. Calloway. Appellant says that the testimony of Spiro as to agency of Slym to act in behalf of appellant is incompetent because of the rule that declarations of an agent are not admissible to prove agency. The rule is not applicable here. Appellant pled only a general denial. He did not comply with Rule 93(h), Texas Rules of Civil Procedure. He did not in his pleadings deny under oath the execution by himself or by his authority of the written instrument sued on by appellee. Therefore no issue was raised as to the execution of the document. Manning v. Barnard, Tex.Civ.App., 277 S.W.2d 160, wr. ref. n. r. e. Furthermore, appellee testified by deposition as to the substance of the agreement and also that he paid shipping charges amounting to $389.53, which testimony was received without objection.

Appellant also says that the invoices including the written agreement, though numbered by the court reporter and testified to by the attorney for appellee, were not actually introduced into evidence. However, all the exhibits were identified without objection by attorney Calloway who had been sworn as a witness, and the written agreement as to shipping charges was read in full to the jury. In Erwin v. State, 171 Tex.Cr.R. 323, 350 S.W.2d 199 it is said, "Testimony read into the record without objection is tantamount to the introduction of the documents from which the testimony was taken." Copies of all the exhibits are shown in the statement of facts. Appel-

lant's objections, being made for the first time on appeal, come too late.

■ Under his second point appellant argues that he should have been given a new trial because of "inexperience with courts," and that the judgment against him was due to mistake or accident. This latter statement is a pure conclusion, for appellant does not allege what the mistake or the accident was. Certainly nothing is alleged in appellant's motion which the court would be authorized to accept as a ground for setting aside the judgment. If a litigant were entitled to a new trial on the grounds alleged by appellant adjudicated causes of action could be reopened many times without end. Indeed, there would never be an end to a suit.

Appellant's points on appeal are overruled.

The judgment of the trial court is affirmed.

Affirmed.