**SAFWAY SCAFFOLDS COMPANY OF HOUSTON, Appellant,**

v.

**SHARPSTOWN REALTY COMPANY et al., Appellees.**

**No. 4559.**

Court of Civil Appeals of Texas.

Waco.

Dec. 15, 1966.

Rehearing Denied Jan. 5, 1967.

Parrish & Webb, Don S. Webb, Houston, Thomas F. Lay, Pasadena, for appellant.

J. Harold Bates, James R. Tucker, Billy E. Lee, Houston, for appellee.

## OPINION

WILSON, Justice.

Plaintiff sued on a verified account for $322.10; and for $9,433.39, interest and penalty alleged to represent rental for construction equipment and loss of equipment rented to defendants, but not returned. The latter debt was alleged to have arisen "upon an express written rental contract or contracts fully executed by defendant or his agent."

The judgment, reciting plaintiff's claim was proved in part by the verified account "and in part upon a written rental contract," awarded plaintiff $2750. Defendants' answer contained no plea of non est factum.

The court found, after a non-jury trial that there "was an agreement between the parties" providing plaintiff would lease equipment to defendants; that the equipment was delivered to defendants and plaintiff "obtained receipts signed by authorized employees of defendant"; that plaintiff picked up two loads of equipment for which "defendants (sic) did not get a receipt"; that these two loads, representing a part of the equipment for which defendant was sought to be charged, consisted of approximately 200 pieces of scaffolding of the value of $6,000 for which defendants were not credited; that plaintiff's price list represented reasonable market value of new equipment and did not allow for use or depreciation of the equipment; and that "defendants are charged with the loss to plaintiff of equipment valued at $3,433.38 on plaintiff's new price list, submitted into evidence," which equipment "is depreciated to $2,427.90 in addition to the rentals of $322.10, or a total of $2,750."

Defendants' answer to plaintiff's point that thereby the judgment varied the express written contract between the parties is that there is "no evidence that an express written contract existed between the parties." Plaintiff having pleaded an express written contract executed by defendant, a general denial did not put the allegation in issue. Defendants say there is no proof that the persons signing the delivery receipts which constitute the written agreements relied on were their agents. In the absence of a verified denial of the execution by defendants or by their authority of the written instruments upon which the pleading is founded, under Rule 93(h), Texas Rules of Civil Procedure, the instruments were received in evidence as fully proved. Newbern v. Spiro, Tex.Civ. App., 387 S.W.2d 769; Ship Ahoy v. Whalen, Tex.Civ.App., 347 S.W.2d 662; Butler v. Merchants Nat. Bank of Mobile,

Tex.Civ.App., 325 S.W.2d 229; Manning v. Barnard, Tex.Civ.App., 277 S.W.2d 160, writ ref. n. r. e. See Collins v. F. M. Equipment Co., 162 Tex. 423, 347 S.W.2d 575.

■ The contract provided that "lost or broken equipment will be charged for at list," and if equipment should be destroyed, damaged or lost, lessee would pay plaintiff a sum equal to its "list price for the same." Defendants answered only that plaintiff's claim and the exhibits attached to the petition were "not just or true" and they demanded strict proof thereof. There was no authority, in this state of the pleading, for the "depreciation" of the equipment, or for ignoring the terms of the contract in adopting a novel and unpleaded basis for judgment.

It is not necessary for us to pass on the other points.

Reversed and remanded.