The AMERICAN AUTOMOBILE INSURANCE COMPANY, Appellant,

v.

John Elvin PARKER, Appellee.

No. 4617.

Court of Civil Appeals of Texas.

Waco.

April 28, 1967.

See also 415 S.W.2d 449.

**448**

Bryan & Patton, Chilton Bryan, Houston, for appellant.

R. F. Evans, Groveton, for appellee.

## OPINION

McDONALD, Chief Justice.

This is an appeal from an order overruling a plea of privilege.

Plaintiff Parker sued defendant Insurance Company in Trinity County, alleging he owned a house in Trinity County 2½ miles north of Groveton, upon which he took out a fire insurance policy with defendant company; that while the policy was in full force and effect the house was totally destroyed by fire; that defendant refused to pay plaintiff under the policy; and prayed for the amount of the policy plus penalty and attorney's fees. Plaintiff attached a copy of the insurance policy to his petition "being hereto attached and made a part hereof for all purposes."

Defendant Insurance Company filed its plea of privilege to be sued in Harris County, Texas, the county of its residence.

Plaintiff controverted, alleging venue in Trinity County by virtue of Subdivisions 27 and 28, Article 1995, Vernon's Ann.Tex.St.

Trial was before the Court without a jury, which, after hearing, overruled defendant's plea of privilege.

Defendant appeals on six points, contending:

1) There is no evidence, or insufficient evidence, that Subdivision 27 is applicable; and no evidence that all or part of plaintiff's cause of action arose in Trinity County.

2) There is no evidence, or insufficient evidence, that Subdivision 28 is applicable; and no evidence that the policy sued on was a fire policy, or that the property in Trinity County was covered by a fire policy issued to plaintiff.

Subdivision 27, Article 1995, V.A.T.S. provides: "Foreign corporations * * * doing business within this State, may be sued in any county where the cause of action or a part thereof accrued * * *."

Subdivision 28, Article 1995, V.A.T.S. provides: "Insurance—Suits against fire * * * insurance companies may also be commenced in any county in which the insured property was situated."

Plaintiff testified that he owned the house here involved; that it was insured with defendant Insurance Company; that the house burned in Trinity County; that he had filed a lawsuit against defendant in Trinity County and such suit was pending. The record further shows the house to be located two miles north of Groveton. The appellant introduced in evidence without limitation or qualification, plaintiff's original petition with the insurance policy attached thereto and made a part thereof. Such shows plaintiff to be the insured on a fire policy on a house 2½ miles north of Groveton in Trinity County, and further shows defendant to be an insurance company of St. Louis, Missouri.

The judgment is correct. Defendant's points and contentions are overruled.

Affirmed.