The AMERICAN INSURANCE COMPANY, Appellant,

v.

John Elvin PARKER, Appellee.

No. 4616.

Court of Civil Appeals of Texas.

Waco.

April 28, 1967.

See also 415 S.W.2d 447.

Bryan & Patton, Chilton Bryan, Houston, for appellant.

R. F. Evans, Groveton, for appellee.

OPINION

WILSON, Justice.

In a suit on a fire insurance policy the insurer appeals from an order overruling its plea of privilege. In the controverting plea the insured relied on Subdivisions 27 and 28 of Art. 1995, Vernon's Ann.Civ.Stat.

The insurer's points are that there is no evidence that this suit in Trinity County against a foreign corporation is brought "where the cause of action or a part thereof accrued," as provided by Subd. 27; or that this is a suit in a county "where the insured property was situated," or that this is a suit on a fire policy, as provided by Subd. 28.

All insurer's contentions are answered by Rule 93(h), Texas Rules of Civil Procedure, which prescribes that absent a verified plea of non est factum a written instrument upon which a pleading is founded shall be received in evidence as fully proved. The insurer, having filed no such plea, introduced plaintiff's petition and the policy sued on in evidence without limitation or restriction. These show that the suit is on a fire insurance policy issued by appellant to appellee describing the insured property involved in the suit as being located in Trinity County; that a fire damaged the insured premises; that appellant is a foreign corporation. In addition the insured testified the insured property was located "approximately two miles north of Groveton", which established the situs as the county of suit. See this court's opinion in American Automobile Ins. Co. v. Parker, 415 S.W.2d 447, this day decided. Affirmed.