**H. B. UNDERWOOD et al., Appellants,**

v.

**KAZMEIER HATCHERY, INC., Appellee.**

**No. 4733.**

Court of Civil Appeals of Texas.

Waco.

Sept. 25, 1968.

Wayne Peveto, Orange, for appellants.

A. W. Davis and James W. Cole, Bryan, for appellee.

## OPINION

WILSON, Justice.

■ Defendants' pleas of privilege were overruled after a non-jury trial. Plaintiff relied solely on Subd. 5 of Vernon's Ann. Civ.St. Art. 1995. We hold plaintiff established venue facts under that subdivision, and affirm.

■ The petition and controverting plea alleged that defendants Underwood and Maier, acting as partners under the trade name of Hilltop Egg Farm, purchased from plaintiff chickens listed in an attached exhibit at the agreed price of $12,616.25, which was their market value. It was alleged the "sale and delivery" was evidenced by a "delivery order" attached to the pleading, by which receipt of the chickens was acknowledged. Attached was an affidavit in substantial compliance with Rule 185, Texas Rules of Civil Procedure. The plaintiff's pleadings constituted the only evidence introduced.[1]

Attached to the petition and controverting plea was an exhibit "A" consisting of an unsigned order form listing the chickens and their price, reciting, "Sold to: Maier Egg Ranch, Orange, Texas. Ship to: Mr. Olan Underwood New Summerfield, Texas. Hill Top Egg Farm." Attached also is an exhibit "B", an invoice form on plaintiff's stationery, containing a date and the following: "Name—Hill Top Egg

1. Trial pleadings are matters of record in a plea of privilege hearing, and should not be admitted in evidence. Inclusion in the statement of facts needlessly swells expense of appeal. 1 McCormick & Ray, Texas Law of Evidence Sec. 185, p. 202; 45 Tex.Jur.2d, Pleading, p. 526.

Farm, Jacksonville" with a description of chickens and the price. It recites: "Payment for items sold herein shall be made in our office in Bryan, Brazos County, Texas." It bears the signature, "H. B. Underwood".

Defendant did not deny under oath execution of the contract or the allegation of partnership as required by Rule 93, Texas Rules of Civil Procedure.

Appellant argues the written contract was not proved by extrinsic evidence. By the provisions of Rule 93(h) the instrument was "fully proved", since its execution was not denied under oath. Safway Scaffolds Company of Houston v. Sharpstown Realty Company, Tex.Civ.App., 409 S.W.2d 883; American Insurance Company v. Parker, Tex.Civ.App., 415 S.W.2d 449.

Appellant says plaintiff only mentioned written "contract" in the controverting plea, not in the petition. The written instruments sued on were attached to and made a part of the petition. It was not necessary to call them "contracts", which would have pleaded a mere legal conclusion. It was not required to be alleged they were "in writing"; this fact is apparent on their face.

Appellant urges application of Collins v. F. M. Equipment Company, 162 Tex. 423, 347 S.W.2d 575. It is not apposite. There it was not alleged that the contract was in writing; it was pleaded merely that defendants entered into a "contract and agreement with plaintiff", without attaching the contract as an exhibit, or otherwise averring a writing. There was then no showing that the agreement was signed by the parties.

Since there was no verified denial of the partnership alleged, that fact was likewise established as pleaded. Rule 93 (f); Coulson v. Alvis Auto Rentals, Inc., Tex.Civ.App., 352 S.W.2d 849, writ ref., n. r. e.

Necessary venue facts under Subd. 5 were established, and the trial court correctly overruled the pleas.

Affirmed.