**L. B. KELLY ASSOCIATES, INC.,**
**Appellant,**

v.

**VANITY FAIR, a Joint Venture, Appellee.**

No. 7980.

Court of Civil Appeals of Texas,
Texarkana.

July 14, 1970.

Edward F. Yarbrough, Waitz, Bretz & Collins, San Antonio, for appellant.

Jay S. Fichtner, Berman & Fichtner, Dallas, for appellee.

DAVIS, Justice.

A venue case. Appellee sued appellant, L. B. Kelly Associates, Inc., hereinafter

referred to as Associates, on a lease contract. The lease contract was to be performed in Dallas County, Texas. Associates filed a plea of privilege to be sued in Bexar County, Texas, in which it alleged that it did not execute the lease contract. Appellee controverted the plea of privilege in which it alleged an exception to the general venue statute by Sec. 5 of Art. 1995, Vernon's Ann.Tex.Civ.St. Written interrogatories were filed by appellee. After the interrogatories were answered, appellee filed an amended petition, suing L. B. Kelly, who actually signed the lease contract, individually, as a party defendant. L. B. Kelly, individually, filed a plea of privilege. Appellee filed an amended controverting plea of privilege in which it alleged both Sec. 5 and 29a of Art. 1995, V.A.T.C. S., as special exceptions to the general venue statute.

Trial was had before the court, without a jury. Judgment was entered overruling the pleas of privilege. Appellants have perfected their appeal and attempt to bring forward two points of error.

The alleged points of error read as follows:

### "POINTS OF ERROR

1. The Trial Court erred in overruling and not sustaining the Plea of Privilege of the corporate Defendant (Appellant), L. B. Kelly Associates, Inc.

2. The Trial Court erred in overruling and not sustaining the Plea of Privilege of Appellant, L. B. Kelly, individually."

■ Appellee has filed a motion to strike appellants' brief. The points of error are too vague, and too general to comply with the requirements of Rule 418, Texas Rules of Civil Procedure. The points of error are almost identical and do not give any reason or assign any specific points of error. We concur with Justice Cadena, San Antonio Court of Civil Appeals, in Wagon Wheel Club, Inc. v. Restaurant Equipment and Supply Company (1967) 410 S.W.2d 788, n. w. h. when he said:

"The point is too general to be entitled to our consideration. Pleasant Grove Builders, Inc. v. Phillips, 355 S.W.2d 818 (Tex.Civ.App., 1962, writ ref'd n. r. e.), and authorities therein cited."
The motion to strike is granted.

The Judgment of the Trial Court is affirmed.

■ If we are in error in granting the motion to strike, the appellants in their brief, in truth and in fact, argue "no evidence, insufficient evidence, and the Judgment is contrary to the overwhelming weight and preponderance of the evidence". The lease agreement that was sued upon was offered in evidence and shows to have been signed by L. B. Kelly, President of L. B. Kelly Associates, Inc., and also shows to have been signed by Patsy Brown, Secretary. After the lease was signed, it was amended and was signed by L. B. Kelly, Individually. We think that the appellee was showing due diligence when it amended its petition, and amended its first plea of privilege to try to protect venue in Dallas County, Texas. All that is necessary to protect venue against multiple defendants in a county is to allege and prove a cause of action against one of the defendants and to allege a cause of action against the other under section 29a of Art. 1995, V.A. T.C.S., provided the other party, or parties, are necessary parties to the suit. See cases cited under section 29a, Article 1995, Note 533 "Necessary Parties—in general" in the pocket parts of the Statutes. See, also, North Texas Tank Company v. Pittman, Tex.Civ.App. (1956) 290 S.W.2d 724, n. w. h.; Liles v. Winters Independent School District, Tex.Civ.App. (1959) 326 S.W.2d 182, n. w. h.

■ There were no findings of fact and conclusions of law requested, and none were filed. Therefore, we must look at the evidence in the light most favorable to support the Trial Court's ruling. Under the circumstances, we hold that the corporation is estopped to deny the signing of the lease. Almar-York Company, Inc.

v. Ft. Worth National Bank, Tex.Civ.App. (1964) 374 S.W.2d 940, w. r., n. r. e. The lease agreement being offered in evidence shows the execution thereof, although it admitted such fact. Newbern v. Spiro, Tex.Civ.App. (1965) 387 S.W.2d 769, n. w. h. Safway Scaffolds Company of Houston v. Sharpstown Realty Company, Tex.Civ. App. (1966) 409 S.W.2d 883, n. w. h.; Underwood et al. v. Kazmeier Hatchery, Inc., Tex.Civ.App. (1968) 435 S.W.2d 258. Therefore, Sec. 5 of Article 1995 V.A.T. C.S. is applicable to the case at bar.

Since appellee sued L. B. Kelly, Individually, and made certain allegations that would make him a "necessary party" to the suit section 29a of Article 1995 V.A.T.C.S. is also applicable. The points are overruled.

The judgment of the trial court is affirmed.