**FIREMAN'S FUND INSURANCE COMPANY and Robert Moomaw, dba Dalhart Transfer Company, Appellant,**

**v.**

**Phillip HARRIS, Appellee.**

**No. 5094.**

Court of Civil Appeals of Texas, Waco.

Dec. 30, 1971.

Rehearing Denied Jan. 20, 1972.

Richards & Ferguson, Dalhart, Sheehy, Cureton, Westbrook, Lovelace & Nielson, Ben J. Hamilton, Waco, for appellant.

Thomas B. Bartlett, Jr., Marlin, for appellee.

## OPINION

JAMES, Justice.

This is a venue matter, same being an appeal from an order overruling the pleas of privilege of two defendants. Plaintiff-appellee Dr. Harris is a dentist who filed suit in Falls County against Fireman's Fund Insurance Company, Robert Moomaw (doing business as Dalhart Transfer Company), and North American Van Lines of Texas, Inc., seeking recovery for damages allegedly sustained to Plaintiff's dental equipment and furniture while being transported from Dalhart to Rosebud, Texas (Falls County). Each of the three Defendants filed a plea of privilege seeking transfer of the suit to its respective county of residence, this being Dallam County for

Dalhart Transfer and Dallas County for Fireman's Fund and North American. Each plea of privilege was duly controverted, and after hearing, each plea of privilege was overruled. North American did not appeal, but Fireman's Fund and Dalhart Transfer did.

Dr. Harris was moving his dental practice from Dalhart to Rosebud, Texas, in June 1970, and engaged the services of Dalhart Transfer to do the moving of his equipment and furniture, for which he had paid Dalhart Transfer $1218.32. This last-named figure included a premium for a trip transit insurance policy with Fireman's Fund, which policy was evidenced by an instrument called "Special Transit Advice of Insurance" in which Dalhart Transfer is named as the insured.

Dr. Harris in his pleadings charged Dalhart Transfer with rough and careless handling, lack of proper packing, and general lack of ordinary care, for which he seeks recovery for damages and lost earnings, as well as recovery from Fireman's Fund under the policy. North American is a party defendant because Dalhart Transfer was acting as agent for North American at all times material to this suit.

Each controverting plea has attached to it a copy of Plaintiff's Original Petition and alleges that venue properly lies against Fireman's Fund under Section 28 of Article 1995, Vernon's Ann.Civ.St. and against Dalhart Transfer under Section 24 of said article and against both of those Defendants under Section 29a of said article.

After hearing, the trial court overruled all three pleas of privilege, from which Fireman's Fund and Dalhart Transfer appeal. No appeal was taken by North American.

Appellants' points of error are:

(1.) There is no evidence that Fireman's Fund was one of the kind of insurance companies to which Section 28 of Article 1995 applies;

(2.) and (3.) There is no evidence and insufficient evidence that Dalhart Transfer was "doing business" in Falls County within the meaning of Section 24 of Article 1995;

(4.) Neither Fireman's Fund nor Dalhart Transfer is a "necessary party" to the relief to which Plaintiff is entitled, within the meaning of Section 29a of Article 1995.

After a careful consideration of the record, we affirm the action of the trial court.

Let us at the outset consider appellants' first point, to the effect that there is no evidence that Fireman's Fund was one of the kinds of insurance companies to which Section 28 of Article 1995 applies. The pertinent portion of Section 28 reads:

"28. Insurance. Suits against fire, marine or inland insurance companies may also be commenced in any county in which the insured property was situated."

■ In the case at bar, Plaintiff-appellee Dr. Harris was a resident of Falls County at the time the alleged damage occurred; therefore the insured property in question was "situated" in Falls County, Texas. General Exchange Insurance Corporation v. Dudley (Galveston CA 1939) 128 S.W. (2) 452, no writ history. The instruments labelled respectively, "Special Transit Advice of Insurance" and "Statement of Loss and Damage" are exhibits in evidence, and speak for themselves. See American Automobile Insurance Co. v. Parker (Waco CA 1967) 415 S.W.2d 447, no writ history. They show that Fireman's Fund is an insurance company which purported to insure the safe transit of Dr. Harris' equipment and furniture from Dalhart, Texas, to Rosebud, Texas, up to $15,000.00. Manifestly, Fireman's Fund was within the scope of insurance companies included in Section 28. According to the record before us, Dr. Harris was a resident of Falls County at the time the alleged damage occurred, he discovered the damage in Falls County, and suffered financial loss in Falls County. We believe venue properly lies in Falls

County insofar as Fireman's Fund is concerned.

Now let us proceed to Appellant's fourth point, which contends that neither Fireman's Fund nor Dalhart Transfer is a "necessary party" within the meaning of Section 29a of Article 1995. Section 29a reads:

> "29a. Two or more defendants. Whenever there are two or more defendants in any suit brought in any county in this State and such suit is lawfully maintainable therein under the provisions of Article 1995 as to any of such defendants, then such suit may be maintained in such county against any and all necessary parties thereto."

Since we have already concluded that venue properly lies in Falls County against Fireman's Fund, the next question to be resolved is whether Dalhart Transfer is a "necessary party" to this suit within the meaning of Section 29a, in order to afford the Plaintiff the complete relief to which he is entitled, and which he seeks.

The rule or test as to what constitutes a "necessary party" under Section 29a has been announced by the Supreme Court in Union Bus Lines v. Byrd (1944), 142 Tex. 257, 177 S.W.2d 774 in an opinion by Chief Justice Alexander in the following language:

> "The rule is that where, under the exceptions contained in Article 1995, a suit is properly maintainable against one defendant in a county other than the county of his residence, and the plaintiff therein joins another as defendant and seeks to sustain venue as to him under Section 29a, such other defendant is a necessary party within the meaning of Section 29a if the complete relief to which plaintiff is entitled under the facts of the case as against the defendant properly suable in that county can be obtained only in a suit to which both defendants are parties (citing cases)."

 In the case at bar, Dalhart Transfer is the named insured in the insurance policy in question. In order to enforce liability against Fireman's Fund on the policy, plaintiff has the burden of first making out a case against Dalhart Transfer, for the damages sought. Therefore, Dalhart Transfer is a "necessary party" to Plaintiff's action herein, within the meaning of Section 29a.

In view of the above disposition of the matter, we do not deem it necessary to specifically discuss Appellant's second and third points.

The trial court's action is in all things affirmed.

Affirmed.