**L. F. BAUER, Appellant,**

v.

**The VALLEY BANK OF EL PASO, Appellee.**

**No. 6665.**

Court of Civil Appeals of Texas, El Paso.

Dec. 28, 1977.

Rehearing Denied Jan. 25, 1978.

Pearson & Caballero, Raymond C. Caballero, Robert Warach, El Paso, for appellant.

Fisk & Cox, Sanford C. Cox, Jr., El Paso, for appellee.

## OPINION

OSBORN, Justice.

This is an appeal from a judgment based upon a promissory note and a guaranty agreement. We affirm.

The Valley Bank of El Paso brought suit upon a promissory note of Gateway Investment Company and a written guaranty agreement signed on the same date as the note by Carlton C. Freed and L. F. Bauer, officers of Gateway. Only Mr. Bauer appeals from the judgment in favor of the Bank. In his answer, Mr. Bauer pled a general denial, and also affirmatively alleged that at the time the guaranty was signed, the President of the Bank represented that no reliance would be placed on the guaranty agreement. The note and guaranty agreement were received into evidence with proof that no payment had ever been made on the note. Mr. Bauer testified that he was told he would never be called upon to honor the guaranty. That testimony was contradicted by witnesses for the Bank. In the only issue answered by the jury, they found that the Bank did not make a representation to Mr. Bauer that he would not be guarantying the debt of Gateway.

■ The Appellant presents six points of error. The first three complain of the entry of judgment for Appellee when there was no special issue requested or answered favorably to the Bank, other than on the defensive issue of misrepresentation. The contention is presented that there should have been issues submitted to the jury as to whether or not there was a meeting of the minds on the guaranty agreement, whether or not there was a binding contract, and whether or not there was any consideration for the agreement.

Appellant did not deny the execution of the guaranty agreement, nor did he assert that the agreement was without consideration. Without a sworn plea under Rules 93(h) and (j), Tex.R.Civ.P., those issues were not before the trial Court. Since execution of the guaranty agreement was not an issue, it was only necessary that the agreement be introduced into evidence to prove up its terms. *American Fiber Glass, Inc. v. General Electric Credit Corporation,* 529 S.W.2d 298 (Tex.Civ.App.—Fort Worth 1975, writ ref'd n. r. e.); *American Petrofina Company of Texas v. Bryan,* 519 S.W.2d 484 (Tex.Civ.App.—El Paso 1975, no writ); *VanHuss v. Buchannan,* 508 S.W.2d 412 (Tex.Civ.App.—Fort Worth 1974, writ dism'd). In *Safway Scaffolds Company of Houston v. Sharpstown Realty Company,* 409 S.W.2d 883 (Tex.Civ.App.—Waco 1966, no writ), the court said:

" * * * In the absence of a verified denial of the execution by defendants or by their authority of the written instruments upon which the pleading is founded, under Rule 93(h), Texas Rules of Civil Procedure, the instruments were received in evidence as fully proved. *Newborn v. Spiro,* Tex.Civ.App., 387 S.W.2d 769; *Ship Ahoy v. Whalen,* Tex.Civ.App., 347 S.W.2d 662; *Butler v. Merchants Nat. Bank of Mobile,* Tex.Civ.App., 325 S.W.2d 229; *Manning v. Barnard,* Tex.Civ.App., 277 S.W.2d 160, writ ref. n. r. e. See *Collins v. F. M. Equipment Co.,* 162 Tex. 423, 347 S.W.2d 575."

The agreement as received into evidence fully proved the indemnity obligation of Mr. Bauer. There being no issue raised on execution, consideration, or ambiguity, there was no issue to present to the jury, other than the defensive issue of misrepresentation and that issue was decided adversely to Appellant. The first three points of error are overruled.

■ Appellant next asserts that since only a defensive issue was submitted to the jury, the trial Court thereby placed the burden of proof for the entire case on the Appellant, who was a Defendant in the trial Court. This is not so at all. The guaranty agreement, when received into evidence, established the Appellant's liability, subject to defensive issues, and Appellee thereby met its burden of proof. Appellant's argument with regard to the right to open and close where it had the burden on the only issue submitted has not been preserved by proper assignment in the amended motion for new trial and may not be considered. *Wagner v. Foster,* 161 Tex. 333, 341 S.W.2d 887 (1960). Point of Error No. IV is overruled.

■ The Appellant next contends that the net effect of the trial Court's charge was to grant Appellee an instructed verdict and that such was error. The Appellee did, in fact, make a motion for instructed verdict at the close of the evidence, which the trial Court overruled. The Court correctly overruled such motion because there was a defensive issue to be submitted to the jury. But there was no fact issue as to the Bank's case as pled and proved on the guaranty agreement and the Court was not required to submit any issue on a fact which was not in dispute. Rule 277, Tex.R.Civ.P.; *Wright v. Vernon Compress Company,* 156 Tex. 474, 296 S.W.2d 517 (1956); *Burbridge v. Rich Properties, Inc.,* 365 S.W.2d 657 (Tex.Civ. App.—Houston 1963, no writ); *Hall v. Texas State Bank,* 298 S.W.2d 188 (Tex.Civ. App.—Austin 1957, writ ref'd n. r. e.). Point of Error No. V is overruled.

■ The last point complains that Appellant has not been furnished a full and complete statement of facts upon which to perfect his appeal. Basically, the argument is that the Court Reporter did not prepare Appellant's objections to the Court's Charge

and include them in the statement of facts. We find no error. First of all, the statement of facts contains the Reporter's certificate that it is a "full, true and correct transcription" of his notes. The statement of facts, as filed with this Court, has the signature of counsel for Appellant approving it. Next, the transcript contains "Objections to the Charge" which were filed with the signature of counsel for Appellant and verified by the trial judge. Appellant does not suggest that he made any objections to the charge which have not been preserved in the trial Court. We find no reversible error under Rule 434, Tex.R. Civ.P., and Point of Error No. VI is overruled.

The judgment of the trial Court is affirmed.