COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                        NO.
2-06-411-CV

 

 

DEBORAH ELLEN BALES                                                       APPELLANT

 

                                                   V.

 

TRAVIS DON BALES AND                                                      APPELLEES

ROSENDO
RODRIGUEZ

                                              ------------

 

             FROM
THE 30TH DISTRICT COURT OF WICHITA COUNTY

 

                                              ------------

 

                                MEMORANDUM
OPINION[1]

 

                                              ------------

Deborah Ellen Bales appeals
from the trial court=s order
dismissing her bill of review in favor of appellees Travis Don Bales and
Rosendo Rodriguez.  In two points,
Deborah argues that the trial court abused its discretion by dismissing her
bill of review without an evidentiary hearing and that her pleadings and proof
established a meritorious defense.  We
affirm.








In 2000, Travis and Deborah,
who were married, filed suit to terminate parental rights and adopt Travis=s grandson.  Rodriguez was their
attorney.  A hearing on the termination
and adoption was held on December 7, 2000, and Deborah testified in support of
the adoption.  The trial court rendered
the termination and adoption on that date, but the written order reflecting
those rulings was not signed until August 14, 2002.  Deborah and Travis separated in 2001, and
Travis filed for divorce in 2003 with Rodriguez as his attorney. 

Deborah claims that shortly
after the December 7, 2000 hearing, she told Travis and Rodriguez that she had changed
her mind about adopting the child because it would affect the interests she and
her other children had in a trust.[2]  Deborah contends that the first time she
learned of the signed adoption order was August 2, 2004, at an unrelated
hearing in the divorce case. 








Deborah filed a petition for
a bill of review to vacate the order of termination and adoption, claiming
fraud and wrongful acts by Rodriguez and Travis and official mistake by the
district clerk.[3]  In her petition, Deborah claimed that Travis
and Rodriguez had the written order of termination and adoption signed and
entered without her knowledge or consent in 2002, even though they both knew
she had changed her mind about the adoption; that Rodriguez filed a motion to
retain the termination and adoption proceedings and prepared an order granting
the motion to retain, both without her consent or knowledge; and, that Travis
and Rodriguez conspired to defraud her, as evidenced by the fact that Rodriguez
was Travis=s divorce
lawyer in 2003.   She also claimed that
the district clerk did not send notice to her or Rodriguez of the filing of the
order retaining the case and the entry of the decree of adoption, as required
by Rule 306a.[4]
      








At the hearing on the
petition for bill of review, Deborah moved for a continuance and for leave to
amend her pleadings, but the trial court dismissed the bill of review.  The trial court later held a hearing on
Deborah=s motion for rehearing, denied the motion, and permitted Deborah to
make an offer of proof.         A bill of review is an independent
equitable action brought by a party to a former action seeking to set aside a
judgment which is no longer appealable or subject to a motion for new trial.[5]  The grounds upon which a bill of review can
be obtained are narrow because the procedure conflicts with the fundamental
policy that judgments must become final at some point.[6]  The mere fact that an injustice has been done
is not sufficient to warrant a bill of review.[7]  








A party who has participated
in the trial court proceedings must prove three elements to obtain a bill of
review: (1) a meritorious ground of appeal, (2) which he or she was prevented
from presenting in a motion for new trial or ordinary appeal by the fraud,
accident, or wrongful act of the opposing party, or official mistake or
misinformation, (3) unmixed with the fault or negligence of the petitioner.[8]  A meritorious ground of appeal is one which,
had it been presented to the appellate court as designed, might, and probably
would, have caused the judgment to be reversed.[9]

        As a pretrial matter, the plaintiff must
present prima facie proof to support the alleged meritorious claim.[10]  If the trial court concludes that a prima
facie meritorious ground of appeal has not been shown, it may dismiss the case
without conducting a trial.[11]
 Whether a prima facie showing has
been made is a question of law for the court.[12]








In her petition for bill of
review, Deborah alleges as her meritorious ground of appeal Aher change of intention post hearing but prior to the entry of any
Decree.@  She does not contend that the
trial court erred by rendering the termination and adoption on December 7,
2000.  Mistake by a party or the party=s attorney that is not induced by the opposing party, however, is not
a meritorious ground for granting a new trial.[13]  Neither is inexperience with the court
system.[14]  For these reasons, Deborah=s claim of Achange of
intention@ after
rendition of the judgment, had it been presented to this court, would not have
caused the judgment to be reversed.

Because Deborah=s petition for bill of review did not allege a meritorious ground of appeal,
the trial court properly dismissed the bill of review.  We overrule both of Deborah=s points and affirm the trial court=s judgment.

 

PER CURIAM

 

PANEL F: 
CAYCE, C.J.; DAUPHINOT and HOLMAN, JJ.

DELIVERED: 
October 11, 2007                            











[1]See Tex. R. App. P. 47.4.





[2]Travis=s
grandson, by virtue of being adopted by Deborah, apparently became a
beneficiary of the trust.  Deborah and
her mother (the settlor) both testified that it was the mother=s
intention for only Deborah and her biological children to be beneficiaries. 





[3]In
her brief to this court, Deborah presents several additional complaints that
were not contained in her petition for bill of review.  We will, however, only consider those
complaints that were presented to the trial court.  See Tex.
R. App. P. 33.1.





[4]See Tex. R. Civ. P. 306a (providing A[w]hen
the final judgment or other appealable order is signed, the clerk of the court
shall immediately give notice to the parties or their attorneys@).





[5]Baker
v. Goldsmith, 582 S.W.2d 404, 406 (Tex. 1979).





[6]Transworld
Fin. Servs. Corp. v. Briscoe, 722 S.W.2d 407, 407 (Tex.
1987); Alexander v. Hagedorn, 148 Tex. 565, 569, 226 S.W.2d 996, 998
(1950).





[7]Alexander, 148
Tex. at 569, 226 S.W.2d at 998.





[8]McDaniel
v. Hale, 893 S.W.2d 652, 660, 662B63 (Tex. App.CAmarillo
1994, writ denied); see also Petro-Chem. Transp., Inc. v. Carroll, 514
S.W.2d 240, 245B46
(Tex. 1974); Ledbetter v. State, No. 02-03-00058-CV, 2004 WL 1799847, at
*2 (Tex. App.CFort
Worth Aug. 12, 2004, no pet.) (mem. op.).





[9]Petro-Chem., 514
S.W.2d at 245.





[10]Caldwell
v. Barnes, 154 S.W.3d 93, 97 (Tex. 2004); 1985
Chevrolet Pickup Truck, VIN:1GCEK14HLFS165672, 778 S.W.2d 463, 464 (Tex.
1989); Baker, 582 S.W.2d at 408; Martin v. Martin, 840 S.W.2d
586, 591 (Tex. App.CTyler
1992, writ denied).





[11]Beck
v. Beck, 771 S.W.2d 141, 142 (Tex. 1989); Baker, 582 S.W.2d at 409.





[12]Elliott
v. Elliott, 21 S.W.3d 913, 917 (Tex. App.CFort
Worth 2000, pet. denied).





[13]Malooly
Bros., Inc. v. Napier, 461 S.W.2d 119, 121 (Tex. 1970).





[14]Newbern
v. Spiro, 387 S.W.2d 769, 771 (Tex. Civ. App.CDallas
1965, no writ).