COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-06-411-CV

DEBORAH ELLEN BALES APPELLANT

V.

TRAVIS DON BALES AND APPELLEES

ROSENDO RODRIGUEZ

------------

FROM THE 30TH DISTRICT COURT OF WICHITA COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

Deborah Ellen Bales appeals from the trial court’s order dismissing her bill of review in favor of appellees Travis Don Bales and Rosendo Rodriguez.  In two points, Deborah argues that the trial court abused its discretion by dismissing her bill of review without an evidentiary hearing and that her pleadings and proof established a meritorious defense.  We affirm.

In 2000, Travis and Deborah, who were married, filed suit to terminate parental rights and adopt Travis’s grandson.  Rodriguez was their attorney.  A hearing on the termination and adoption was held on December 7, 2000, and Deborah testified in support of the adoption.  The trial court rendered the termination and adoption on that date, but the written order reflecting those rulings was not signed until August 14, 2002.  Deborah and Travis separated in 2001, and Travis filed for divorce in 2003 with Rodriguez as his attorney. 

Deborah claims that shortly after the December 7, 2000 hearing, she told Travis and Rodriguez that she had changed her mind about adopting the child because it would affect the interests she and her other children had in a trust.
(footnote: 2)  Deborah contends that the first time she learned of the signed adoption order was August 2, 2004, at an unrelated hearing in the divorce case. 

Deborah filed a petition for a bill of review to vacate the order of termination and adoption, claiming fraud and wrongful acts by Rodriguez and Travis and official mistake by the district clerk.
(footnote: 3)  In her petition, Deborah claimed that Travis and Rodriguez had the written order of termination and adoption signed and entered without her knowledge or consent in 2002, even though they both knew she had changed her mind about the adoption; that Rodriguez filed a motion to retain the termination and adoption proceedings and prepared an order granting the motion to retain, both without her consent or knowledge; and, that Travis and Rodriguez conspired to defraud her, as evidenced by the fact that Rodriguez was Travis’s divorce lawyer in 2003.   She also claimed that the district clerk did not send notice to her or Rodriguez of the filing of the order retaining the case and the entry of the decree of adoption, as required by Rule 306a.
(footnote: 4) 

At the hearing on the petition for bill of review, Deborah moved for a continuance and for leave to amend her pleadings, but the trial court dismissed the bill of review.  The trial court later held a hearing on Deborah’s motion for rehearing, denied the motion, and permitted Deborah to make an offer of proof.    A bill of review is an independent equitable action brought by a party to a former action seeking to set aside a judgment which is no longer appealable or subject to a motion for new trial.
(footnote: 5)  The grounds upon which a bill of review can be obtained are narrow because the procedure conflicts with the fundamental policy that judgments must become final at some point.
(footnote: 6)  The mere fact that an injustice has been done is not sufficient to warrant a bill of review.
(footnote: 7)  

A party who has participated in the trial court proceedings must prove three elements to obtain a bill of review: (1) a meritorious ground of appeal, (2) which he or she was prevented from presenting in a motion for new trial or ordinary appeal by the fraud, accident, or wrongful act of the opposing party, or official mistake or misinformation, (3) unmixed with the fault or negligence of the petitioner.
(footnote: 8)  A meritorious ground of appeal is one which, had it been presented to the appellate court as designed, might, and probably would, have caused the judgment to be reversed.
(footnote: 9)
 As a pretrial matter, the plaintiff must present prima facie proof to support the alleged meritorious claim.
(footnote: 10)  If the trial court concludes that a prima facie meritorious ground of appeal has not been shown, it may dismiss the case without conducting a trial.
(footnote: 11) 
 
Whether a prima facie showing has been made is a question of law for the court.
(footnote: 12)
 In her petition for bill of review, Deborah alleges as her meritorious ground of appeal “her change of intention post hearing but prior to the entry of any Decree.”  She does not contend that the trial court erred by rendering the termination and adoption on December 7, 2000.  Mistake by a party or the party’s attorney that is not induced by the opposing party, however, is not a meritorious ground for granting a new trial.
(footnote: 13)  Neither is inexperience with the court system.
(footnote: 14)  For these reasons, Deborah’s claim of “change of intention” after rendition of the judgment, had it been presented to this court, would not have caused the judgment to be reversed.

Because Deborah’s petition for bill of review did not allege a meritorious ground of appeal, the trial court properly dismissed the bill of review.  We overrule both of Deborah’s points and affirm the trial court’s judgment.

PER CURIAM

PANEL F:  CAYCE, C.J.; DAUPHINOT and HOLMAN, JJ.

DELIVERED:  October 11, 2007 
 

FOOTNOTES
1:
See
 Tex. R. App. P.
 47.4.

2:
Travis’s grandson, by virtue of being adopted by Deborah, apparently became a beneficiary of the trust.  Deborah and her mother (the settlor) both testified that it was the mother’s intention for only Deborah and her biological children to be beneficiaries. 

3:
In her brief to this court, Deborah presents several additional complaints that were not contained in her petition for bill of review.  We will, however, only consider those complaints that were presented to the trial court.  
See
 
Tex. R. App. P.
 33.1.

4:
See
 
Tex. R. Civ. P.
 306a (providing “[w]hen the final judgment or other appealable order is signed, the clerk of the court shall immediately give notice to the parties or their attorneys”).

5:
Baker v. Goldsmith
, 582 S.W.2d 404, 406 (Tex. 1979).

6:
Transworld Fin. Servs. Corp. v. Briscoe
, 722 S.W.2d 407, 407 (Tex. 1987); 
Alexander v. Hagedorn
, 148 Tex. 565, 569, 226 S.W.2d 996, 998 (1950).

7:
Alexander
, 148 Tex. at 569, 226 S.W.2d at 998.

8:
McDaniel v. Hale
, 893 S.W.2d 652, 660, 662–63 (Tex. App.—Amarillo 1994, writ denied); 
see also Petro-Chem. Transp., Inc. v. Carroll
, 514 S.W.2d 240, 245–46 (Tex. 1974); 
Ledbetter v. State
, No. 02-03-00058-CV, 2004 WL 1799847, at *2 (Tex. App.—Fort Worth Aug. 12, 2004, no pet.) (mem. op.).

9:
Petro-Chem.
, 514 S.W.2d at 245.

10:
Caldwell v. Barnes
, 154 S.W.3d 93, 97 (Tex. 2004); 
1985 Chevrolet Pickup Truck, VIN:1GCEK14HLFS165672
, 778 S.W.2d 463, 464 (Tex. 1989); 
Baker
, 582 S.W.2d at 408; 
Martin v. Martin
, 840 S.W.2d 586, 591 (Tex. App.—Tyler 1992, writ denied).

11:
Beck v. Beck
, 771 S.W.2d 141, 142 (Tex. 1989); 
Baker
, 582 S.W.2d at 409.

12:
Elliott v. Elliott
, 21 S.W.3d 913, 917 (Tex. App.—Fort Worth 2000, pet. denied).

13:
Malooly Bros., Inc. v. Napier
, 461 S.W.2d 119, 121 (Tex. 1970)
.

14:
Newbern v. Spiro
, 387 S.W.2d 769, 771 (Tex. Civ. App.—Dallas 1965, no writ).